## LANDON *against* HUMPHREY.

In an action against a physician and surgeon for mal-practice in his profession, it was averred generally, in the first count, that the defendant, in consideration of his being paid for his skill and labour therein, undertook to in-

oculate the plaintiff with the kine pock, in a proper and skilful manner, but in the performance of this duty, he so unskilfully treated her, that he cut a tendon in her arm, to her injury, &c. In another count, it was alleged, that the defendant, with other physicians and surgeons, was employed, by the board of health of the town of *S.*, for a reasonable reward, to be paid out of the town treasury, to vaccinate the inhabitants of that town; and in consideration thereof, the defendant undertook to inoculate the plaintiff, an inhabitant of that town, in a skilful and safe manner; and the defendant, by one *R. S.*, his agent and assistant in the business, did inoculate the plaintiff, but did it so carelessly and unskilfully as to injure the plaintiff. On the trial, the plaintiff gave in evidence, as part of the proof of the undertaking alleged, a writing by the defendant and three others, whereby they, in consideration of the sum of 50 dollars to be paid to them by the town of *S.*, agreed to vaccinate, *in a faithful manner*, all the persons in that town, who had not had the small or kine pox, which was offered in connexion with other proof by parol, that this was the agreement of the defendant, and that *R. S.* was his agent in the performance of this duty. The cause was submitted to the jury on the evidence; a general verdict was given for the plaintiff; and the judge certified, that such parol proof was quite satisfactory, without the writing. Held, that whether there was, or was not, a variance between the writing and the declaration, yet as no mention was made of it in the first count, it was not indispensable to support that count; and as there was other sufficient proof, applicable to that count, the reception of the writing was no ground for a new trial.

A physician and surgeon, in the performance of his professional duties, is liable for injuries resulting from the want of ordinary diligence, care and skill.

THIS was an action on the case against the defendant, for mal-practice in his profession as a physician and surgeon. The declaration consisted of three counts.

The first count alleged, That the defendant, being a physician and surgeon, and holding himself out to the world as a skilful practitioner, was employed, by the plaintiff, on the 10th of *December*, 1829, to inoculate her with the kine pock; and the defendant, in consideration of his being paid for his skill and labour therein, undertook and faithfully promised the plaintiff to inoculate her, and to do the same in a proper and skilful manner; but that the defendant, in the duty and business of his employment, so unfaithfully, unskilfully and ignorantly treated the plaintiff, that he cut a tendon, cord, ligament and nerve of the plaintiff's arm, and inoculated her in an improper, unusual and dangerous place on her arm, in consequence of which, she was, for a long time, deprived of the use of her arm, prevented from pursuing her necessary business, suffered great pain and anguish, and put to great expence in endeavouring to be cured, &c.

The second count stated, That the defendant, with other

physicians and surgeons, on the 1st of *October*, 1828, was employed, by the board of health of the town of *Salisbury*, for a reasonable reward to be paid out of the town treasury, according to the provisions of the statute regarding sickness, to vaccinate the inhabitants of that town ; that the defendant, professing great skill in the art and profession of surgery and medicine, in consideration of the premises, undertook to vaccinate the plaintiff, who was one of the inhabitants of said town, in a skilful and safe manner ; alleging negligence and unskilfulness in the defendant, and damage to the plaintiff, as in the first count.

The third count was like the second, except that it averred, That the defendant, on the 1st of *October*, 1828, by one *Rollin Sprague*, who had been and then was employed and retained, by the defendant, as his agent, servant and assistant in the business of vaccination, vaccinated and inoculated the plaintiff as aforesaid.

The cause was tried, on the general issue, at *Litchfield*, *February* term, 1832, before *Daggett*, J.

On the trial, the plaintiff offered in evidence a writing signed by the defendant and certain other physicians of the town of *Salisbury*, in the following words : " We, the undersigned, physicians of the town of *Salisbury*, in consideration of the compensation hereinafter stipulated to be paid, do agree to vaccinate all persons in the said town of *Salisbury*, who have not had the small or kine pox, and to perform the same in a faithful manner, on or before the 1st day of *July* next, so as to prevent the introduction or arrest the progress of the small pox, so far as the same can be done, according to our best skill and judgment, and to superintend the patients, who shall have been by us thus vaccinated, in such manner as shall be necessary to ensure the success of such vaccination, and to test all cases of such vaccination, by such observation as shall, in all probability, prove the vaccination to have been genuine and successful. We agree also to provide ourselves with genuine vaccine matter for this purpose. In consideration whereof, the town of *Salisbury* will pay to said physicians the sum of fifty dollars. *Salisbury*, *October* 1st, 1828.

*Asahel Humphrey*,
*Henry Fish*,
*Luther Ticknor*,
*Adonijah Strong*."

This writing was objected to, by the defendant, as furnishing no evidence in the cause ; but it was admitted, by the court, as a part of the proof that the defendant had undertaken to vaccinate the plaintiff.

The plaintiff claimed to have proved, that these physicians had agreed to vaccinate all the people of the town of *Salisbury* not previously vaccinated, who should offer themselves for that purpose ; that in pursuance of such agreement, they had divided out the town into districts ; that the plaintiff resided in the defendant's district ; that the defendant had appointed one *Rollin Sprague* as his agent to vaccinate in that district, who undertook the duty for a certain reward, and vaccinated the plaintiff among others ; that he so unskilfully and carelessly made an incision into the plaintiff's arm, to insert the vaccine matter, that she suffered great pain, and her arm was irreparably injured.

These facts were denied by the defendant ; and evidence was introduced by him to disprove them. He also claimed, that *Sprague* was a regularly educated physician, and sustained a good character in his profession. He then prayed the court to charge the jury, that unless the plaintiff proved the defendant guilty of great and gross negligence in vaccinating her, she could not recover.

The court instructed the jury, that if they were satisfied from all the evidence, that *Doct. Sprague* was the agent of the defendant in vaccinating the plaintiff ; that she was materially injured, by the vaccination ; and that in the operation there was either carelessness, or a want of ordinary diligence, care and skill, their verdict ought to be the plaintiff ; otherwise, for the defendant.

The jury returned a verdict for the plaintiff.

The proof that the defendant undertook to vaccinate all the people, who should offer in that district wherein the plaintiff resided, was quite satisfactory, without the writing.

The defendant moved for a newtrial, on the ground of error in admitting the writing and for a misdirection.

The defendant, *pro se*, in support of the motion, after alluding to the situation in which he stood before the court, destitute of counsel, unaccustomed to forensic disputation and unacquainted with technical jurisprudence, insisted, upon the general principles of justice, he could not be subjected in this ac-

tion. He contended more particularly, 1. That there was no instance in which a professional man has been made liable for mal-practice *at second hand ;*—where the act complained of was done, not by the defendant, but by another, a licensed practitioner of the same profession. Has it not ever been a received opinion, he asked, that if one seek redress for mal-practice, he must proceed against the practitioner; the one that did the injury; the one whom the patient employed? This, as a general principle, is unquestionable.

2. That the *contract* proved, if it extended to this case, did not render the defendant liable for the mal-practice of another. Suppose, your honour, the Chief Justice, should agree with the defendant to call at your honour's lodgings, on a particular day, and bleed your honour; and for this service your honour should agree to pay the defendant one dollar. Suppose further, that the defendant, being suddenly called out of town, should state this to Doct. *B.* an eminent physician, and tell him, that he might have the job; that Doct. *B.* should attend; and that in bleeding, he should cut an artery, in consequence of which, your honour's arm is lost; in this act, would Doct. *B.* be transacting the defendant's business, or his own? Does the fact that the defendant had previously agreed with the judge to bleed him, make the defendant responsible for the consequences of Doct. *B.'s* mal-practice? There was no proof on the trial, that the defendant had entered into any agreement with Doct. *Sprague,* or had given up the business to him, until after the vaccination in question was performed; nor was there any proof that the plaintiff did not expect to pay Doct. *Sprague.*

3. That the contract did not extend to this case, but is excluded in the clause—"who have not had the small or kine pox." When the physicians who signed the writing, commenced the business of vaccination, the plaintiff had been already vaccinated.

4. That the writing could have no effect in this case, not being *inter partes.* Here is one contracting party; but who the other is, it is not so easy to tell. Is it *Harriet Ann Langdon?* She had nothing to do with it *personally?* Did she contract by her *agent?* Who, then, is this agent? How could this agreement interfere with her right to employ whom she pleased to vaccinate her? Suppose the defendant had been present, and had inhibited the vaccination by Doct. *Sprague;* might not both he and the plaintiff have derided such interference?

*Litchfield, June, 1832.*

Landon
*v.*
Humphrey.

Might they not have said to the defendant, "mind your own business, and we will mind ours?"

5· That the judge's charge to the jury, was wrong. Here, it ought to be borne in mind, that physicians never warrant their work. They make no promise, except to do as well as they can, and as well as they know how to do. There is nothing like mechanical perfection in the healing art. The only reasonable rule on this subject,—and which, it is believed, is in accordance with the settled law in *Connecticut,* in *England* and elsewhere,—is, that nothing short of gross ignorance or gross negligence, will subject a surgeon to damages. *Sumner* v. *Utley,* 7 *Conn. Rep.* 263. and cases cited *ibid.* What man, even of skill and talents, would undertake to practice in the healing art, if some little failure of ordinary skill, or ordinary diligence, or even some trifling want of carefulness, might sweep from him the whole earnings of a life of toil and drudgery? Restricted to the narrow ground of the charge, many skilful and able physicians would not escape liability a single year of their practice. "Ordinary" means *usual, common.* The difference between *a want of ordinary or useful skill* and *gross negligence,* is essential and important. If you were to draw a line of distinction just half way between the eminently learned physicians and those grossly ignorant, would you not hit exactly on those styled ordinary? And would not any one, who should do an act, that would fall short of what this class of physicians usually perform in point of skill or diligence, evince a want of ordinary skill or ordinary diligence? To say that a physician did not perform a certain operation with ordinary skill, conveys a very different idea from the assertion, that he performed it with gross ignorance.

*T. Smith* and *L. Smith,* contra, insisted, 1. That the writing offered by the plaintiff, was properly admitted.

In the first place, it was clearly admissible, under the first count, to prove the fact of the undertaking of the defendant to vaccinate.

Secondly, it was admissible for the same purpose, under the other counts, in connexion with proof by parol, that *Sprague* was the defendant's *agent* in the performance of the duty which he had assumed.

Thirdly, it was proper, also, as connected with the proof, that the defendant, in the assignment of different sections of

the town to different persons, assumed the duty of vaccinating all persons in the district in which the plaintiff resided.

Fourthly, the statements in the two last counts are *consistent* with the contract : there was, therefore, no variance. 1 *Chitt. Plead.* 302. 3 *Stark. Ev.* 1557. *Laing* v. *Fidgeon,* 6 *Taun.* 108. *Bayley* v. *Tucker,* 2 *New Rep.* 458.

Fifthly, a new trial will not be granted, because it appears from the motion, that the introduction of the writing was superfluous, and had no practical effect. *Williams* v. *Cheeseborough,* 4 *Conn. Rep.* 356. *Booden* v. *Ellis,* 7 *Mass. Rep.* 507.

2. That the charge was correct, being fully supported by *Slater* v. *Baker,* 2 *Wils.* 359. *Sear* v. *Prentice,* 8 *East* 352. and *Sumner* v. *Utley,* 7 *Conn. Rep.* 257. 263.

DAGGETT, J. There were two objections made at the trial. 1. To the admission in evidence of the writing, called a contract, signed by the defendant and other physicians of the town of *Salisbury.* 2. To the charge of the judge to the jury.

1. The writing was admitted, as part of the proof, to show that the defendant had, by an arrangement with the other physicians, assumed the duty of inoculating the inhabitants of the town ; and that the defendant's district embraced the plaintiff. It was offered in connection with other proof by parol, that this was the agreement of the defendant ; and that *Rollin Sprague* was his agent in performing this duty. The court has found, that the proof of the undertaking of the defendant to inoculate all those who should offer in his district, was satisfactory, without the writing.

The utmost that can be objected to this writing, is, that it was unnecessary. But surely, it would be worse than useless to send the cause again to trial on such an objection. But be this as it may, the facts in the first count were submitted to the jury, in the charge of the judge. Suppose then, that there is a material variance between the writing set up in the two last counts, and the one offered in proof; if the proof is sufficient to support the first count without the writing, and that first count be sufficient, it all stands well; for the verdict may be applied to that count. In any view, then, the first objection cannot prevail.

2. But an objection is made to the charge. The defendant prayed the court to charge the jury, that unless the plaintiff

*Litchfield,*
*June, 1832.*

*Landon*
*v.*
*Humphrey.*

had proved the defendant guilty of *great* and *gross* negligence in vaccinating the plaintiff, she could not recover. The court told the jury, on this point, that if there was either *carelessness, or a want of ordinary diligence, care* and *skill*, then the plaintiff was entitled to recover. The principle laid down by the court below, is entirely correct. The doctrine in 3 *Bla. Comm.* 165. is, that any one, who undertakes any office, employment, duty or trust, contracts to perform it with integrity, diligence and skill; and if by the want of either of those qualities, any injury accrues to individuals, they have their remedy in damages, by special action on the case. This is the doctrine in *Slater* v. *Baker*, 2 *Wils.* 359. *Seare* v. *Prentice*, 8 *East* 353. and *Sumner* v. *Utley*, 7 *Conn. Rep.* 263. It is believed, that all the elementary treatises agree, substantially. The case was put to the jury as favourably for the defendant as the law would justify. If in the performance of the operation there was a want of *ordinary* diligence, care and skill; or if there was *carelessness*, then he was liable.

The motion for a new trial must be denied.

The other Judges were of the same opinion.

New trial not to be granted.