### WHEELER *against* HOTCHKISS.

Though the husband, by the birth of living issue, capable of inheriting the wife's estate, becomes tenant by the curtesy *initiate*, yet the death of the wife is essential to make such tenancy *consummate ;* and the effect of a divorce *a vinculo matrimonii*, in such case, is, to terminate the right of the husband, and restore that of the wife.

Title in the plaintiff to real estate, without possession, will not enable him to maintain trespass.

Therefore, where land was conveyed to *A*, the wife of *B*, and she had issue by him capable of inheriting it ; the right of *B* was then taken in execution by *C*, who conveyed his right to *D ;* after which *A* obtained a divorce *a vinculo matrimonii* from *B*, and immediately entered upon the land in the

New-Haven,
July, 1834.

Wheeler
v.
Hotchkiss.

possession of *D*, and demanded possession, claiming it as her own, but *D*
refused to quit and continued his possession ; in an action of trespass
*quare clausum fregit*, brought by *A* against *D*, it was held, 1. that the
right of *B*, as husband, was terminated, by the divorce ; 2. that the right of
*B*, as tenant by the curtesy, being only *initiate*, and not *consummate*, ceas-
ed, at the same time ; 3. that consequently, the right of *C*, and of his
grantee, was also destroyed, and the title became vested in *A* ; but 4. that
*A*, not being in possession, could not maintain trespass.

THIS was an action of trespass *quare clausum fregit.*

*Mary Wheeler*, the plaintiff, was married to *William
Wheeler*, in the year 1800 ; and continued to be his lawful
wife until *August*, 1832, when she was, by a decree of the su-
perior court, divorced from him, for his wilful absence for more
than three years.   In 1808, the land mentioned in the de-
claration was conveyed to her, and she became the lawful own-
er thereof in fee-simple.   Her husband, in her right, immedi-
ately entered into possession of the premises, and continued in
the occupancy thereof, until the year 1816, when all his right
therein was appraised and set off on an execution in favour of
*Judah Ransom.*   Soon after the levy, *Ransom* entered into
the possession and occupancy of the premises, and continued
therein, until the 15th of *June*, 1832, when he sold and con-
veyed, by deed, duly executed, all his right in the premises to
the defendant, who immediately entered into the possession
thereof.

During the coverture, before and after the land was convey-
ed to the plaintiff, she had issue, by her husband, born alive,
who could lawfully inherit the land as her heirs.   In *August*,
1832, after the divorce was granted, and while the defendant
was in the actual occupancy of the land, the plaintiff entered
thereupon, and demanded of the defendant possession thereof,
claiming it as her own ; but the defendant refused to quit the
land, and continued to retain the possession thereof, and to oc-
cupy it until after the commencement of this suit.

A case embracing these facts, was agreed to, by the parties,
and reserved for the advice of this court, on the question,
whether the plaintiff or the defendant was entitled to judgment.

*Mix*, for the plaintiff, contended, 1. That all the right of
the husband in the land of the wife, is extinguished, by a di-
vorce, whether she had issue by him or not.   This is right and

New-Haven,
July, 1834.

Wheeler
v.
Hotchkiss.

reasonable. The unity of person, created on their marriage, is dissolved ; her capacity is restored ; she becomes *sui juris*, and no longer *sub potestate viri ;* and she is thenceforth to be her own almoner. The husband is released from his liability to pay her debts and to fulfil her contracts. Having forfeited his title to be her supporter and protector, ought he to continue the proprietor of her estate ? It is true, he is still liable to support the children of the marriage ; but this results from a general principle of law, not at all depending on the fact of his having estate by her. His children he must support at all events.

The estate cannot be claimed for the husband, after divorce, on the ground of any peculiar doctrines regarding an estate by the curtesy. In the first place, the *nature* of that estate does not authorize this; for Sir *Joseph Jekyll* observes, that "the husband's tenancy by the curtesy has no moral foundation, and is, therefore, properly styled a tenancy *by the curtesy* of *England—i. e.* an estate by *favour* of the law of *England.*" *Banks* v. *Sutton*, 2 *P. Wms.* 703. Secondly, this estate does not exist until the *death* of the wife; this being one of the four essential requisites of that estate. *Litt.* sect. 35. *Co. Litt.* 30. *a.* 2 *Bla. Com.* 127. Its incidents and properties cannot, therefore, be claimed before her death. In fine, if this estate is, indeed, an estate by the peculiar favour of the law, the favour, surely, will not be granted, by the law, in a case where there are no good reasons for its existence, but many opposed to it.

But the case of *Starr* v. *Pease* & al. 8 *Conn. Rep.* 541. explained in *Guilford* v. *Oxford*, 9 *Conn. Rep.* 321, 2. 329. is full to the point that a divorce remits the wife to her land, without reference to any estate by the curtesy. It is there said, that a divorce operates as the *death* of the husband.

2. That if the wife's land reverts to her, on divorce, she can sue in trespass for an injury to it, especially after an entry, as in this case, and notice to the tenant to quit. Why should she not ? The property having come to her, if trespassed upon, she sustains the injury—her rights are affected. Why should she be driven to a peculiar action to get possession, before she can sue for the trespass ? Why not avoid the circuity of action, and go directly to the object ? No considerations relating to the public peace require another action ; for trespass is as pacific as any other remedy. It is an established maxim, that

"if the law confer a right, it will give a remedy by action." 1 *Chitt. Plead.* 82. The same author says: "Trespass is the proper remedy to recover damages for an injury to real property corporeal, in the possession of the plaintiff." 1 *Chitt. Plead.* 159. When a particular estate for life or years ends, and the particular tenant has notice thereof, and still retains possession, he is, in every sense of the word, a trespasser, and the law should treat him as such.

By the law of this state, as understood by Judge *Swift,* there is no distinction between the right of possession and the right of property ; and whoever has the right of property, has the right of entry and possession, and may prefer an action of either trespass or disseisin. 1 *Swift's Dig.* 112, 3. 462. 513, 4. The possession may be constructive, and need not be actual. *Bush* & al. v. *Bradley,* 4 *Day* 298. 306. *Bulkley* & al. v. *Dolbeare,* 7 *Conn. Rep.* 232. *Dutton's Dig.* 345. And the plaintiff may declare on a present right of possession. *Beach* v. *Clark,* 6 *Conn. Rep.* 354. 142. In *Connecticut,* the right to possess is equivalent to actual seisin. *Hillhouse* v. *Chester,* 3 *Day* 166. *Bush* & al. v. *Bradley,* 4 *Day* 306, 7. Not a decision in *Connecticut,* is to be found, to oppose these principles. Besides, in this case, the plaintiff had entered, and, in presence of the defendant, asserted her right. By our law, a right of entry is given to every owner of lands, who has a right of possession. 1 *Swift's Dig.* 462.

*J. L. Tomlinson* and *R. S. Baldwin,* for the defendant, contended, 1. That *William Wheeler* having had issue, by his wife, during the marriage, capable of inheriting the land in question, he became, on the conveyance of it to her, in 1808, vested with an estate of freehold therein, *as tenant by the curtesy initiate.* *Co. Litt.* 30. a. 2 *Bla. Com.* 127. 1 *Swift's Dig.* 84. *Roper on Hus. & W.* 4. 15. 46. By the marriage simply, the husband acquires a right to the wife's estate, during coverture only. But after the birth of issue, he acquires an *additional interest, viz.* an estate *for his own life.* This additional interest is not derived from the wife, by reason of the conjugal relation ; but arises entirely from the *birth of a child,* which gives the inchoate right. Before the birth of issue, the husband and wife together are to do homage as tenants of the freehold ; after the birth, the husband alone. 2 *Bla. Com.*

New-Haven,
July, 1834.

Wheeler
v.
Hotchkiss.

126. *Litt.* sect. 90. *Co. Litt.* 30. 67. If the husband conveys by feoffment, after the birth of issue, though a feoffment, when he has only a life estate, is a tortious act and commonly works a forfeiture, the feoffee, after the wife's death, shall hold during his life ; but where there were no issue, a feoffee of the husband would not so hold.

2. That the estate of *William Wheeler* became vested in *Ransom,* the execution creditor, by the levy in 1816, and passed to the defendant, his grantee, by deed, in 1832, previous to the divorce.

3. That this estate is not defeated or altered, by the divorce ; first, because it has its origin, as has been shewn, not from the marriage merely, but from the birth of issue. Secondly, the reasons for its creation continue the same after the divorce. Thirdly, the powers over the land which he may exercise, are inconsistent with such a determination of his estate. He may charge the land ; may make a feoffment ; may hold against the heir of the wife, remainder-man and reversioner, and even against the king, in case of attainder of the wife, after the birth of heritable issue ; and finally, his estate is not terminated, by his abandoning his wife and living with another woman. 2 *Bla. Com.* 127. *Co. Litt.* 30. 40. 1 *Roper on H. & W.* 15. 45. 48. *Sidney* v. *Sidney,* 3 *P. Wms.* 276, 7.

In the case of *Starr* v. *Pease* & al. 8 *Conn. Rep.* 541. *Lewis* had no issue born during the marriage ; and therefore, never could be tenant by the curtesy.

4. That under the circumstances of this case, trespass cannot be sustained. This is an action for an injury to the *possessory* right of the plaintiff. It does not follow, that because a man has a *title* to land, he has, therefore, a right of entry or a right to maintain an action of trespass. If *A* levy an execution on the land of *B,* his debtor, *A* acquires *a title ;* but he does not acquire a right to take possession, without the consent of *B,* and to maintain trespass against him. *A* must first bring ejectment. This was decided, by Judge *Daggett,* in *Benton* v. *Jones,* 1830. In this case, the plaintiff never had possession ; and cannot, therefore, by an entry alone, make it relate back and unite with a prior possession ; as a man might, perhaps, who was disseised, and afterwards entered and obtained quiet possession. 3 *Bla. Com.* 175. 178. *Toby* v. *Reed,* 9 *Conn. Rep.* 217. 221.

DAGGETT, Ch. J.   Two questions have been discussed in this case, which will now be considered.

1. Has the plaintiff a title to the land on which the supposed trespass was committed ?   It was conveyed to her, in 1808, while she was the lawful wife of *William Wheeler*, by whom she had issue, born alive, before and since the conveyance. His interest in this land by virtue of the coverture, was taken by execution, in favour of one *Judah Ransom*, who entered into possession and occupied until the 15th of *June*, 1832 ; when he sold it to the defendant, who has possessed it ever since.   Subsequent to all these events, in *August*, 1832, she obtained, by a decree of the superior court, a divorce *a vinculo matrimonii* from her husband *William Wheeler*.   What is the operation of this decree of divorce upon the rights of the wife, and of the defendant, who holds by purchase from the execution creditor ?

It was decided, by the unanimous opinion of this court, in *Starr* v. *Pease* & al. 8 *Conn. Rep.* 541. that the right of the husband in the land of his wife, being an estate during coverture, is terminated, by a divorce *a vinculo matrimonii ;* and that the rights of creditors to the land dependent on coverture, were thereby affected and destroyed.   On further reflection, I am satisfied with that decision.   It must, then, controul this case, unless a distinction can be sustained.   The counsel for the plaintiff insist on this fact, that in the case of *Starr* v. *Pease* & al. it appeared, that *Lewis*, the husband, had no issue by the wife ; and in this case, *Wheeler*, the husband, had issue, born alive, before and after she became seised of the land ; and hence, they say, that he was tenant by the curtesy *initiate.*   It has its origin, they insist, not simply in the marriage, but in the birth of issue.   He may then charge the estate ; make a feoffment ; hold against the heir of the wife, after her death ; against the remainder-man or reversioner ; and even against the king, in the case of attainder.   And again, his estate is not terminated, by abandoning the wife and living with another woman.   For these several positions they cite *Co. Litt.* 30.   2 *Bla. Com.* 127.   1 *Rop. on H. & W.* 15. 45. 48.   1 *Swift's Dig.* 84.   *Sidney* v. *Sidney*, 3 *P. Wms.* 276, 7.

 Be it so, that by these authorities, these positions are sustained ; still all the authorities concur, that until the death of the

New-Haven,
July, 1834.

Wheeler
*v.*
Hotchkiss.

wife, he is only tenant by the curtesy *initiate*, and not *consummate*. The death of the wife is one of the four essential requisites to constitute a tenancy by the curtesy.

Now, the wife, *Mary Wheeler*, is still living, and the foundation of the husband's estate is removed, by the dissolution of the marriage. The coverture is dissolved, by the wrong act of the husband. By the authority of adjudged cases, as well as for the soundest reasons, his estate could continue only during the coverture. 8 *Conn. Rep.* 545. I am, therefore, satisfied, that the right of the wife, which was suspended, during the marriage, is restored, by the divorce ; and of course, the title to the land is now vested in her.

2. Can she maintain an action of trespass ? That she had no actual possession is very apparent. It is a part of the statement agreed to by the parties, that the defendant was in possession under the levy of an execution of *Judah Ransom*, and a purchase from him. It is said, she entered and demanded possession ; and that it was refused ; and that the defendant continued to occupy and possess in opposition to the plaintiff, until after the commencement of the suit. Here, then, is an adverse holding of the plaintiff out of possession ; and yet an action of trespass is to be sustained, by the person thus ousted and disseised. This cannot be the law relating to trespass. All our elementary treatises inform us, that possession is essential to maintain the action, even in case of personal property, though ownership generally draws after it the possession. Furniture is leased. The lessee may maintain trespass for an injury to his possession ; but the lessor cannot. His remedy is case for an injury to his reversionary interest. So in case of injury to land, the tenant recovers for the injury to his possession ; the landlord for damage by waste, in an action on the case, if the freehold is injured. But it is not true, that in every instance of ownership in land, the owner can maintain trespass. He must have the possession. 1 *Chitt. Plead.* 175. *Lambert* v. *Stroother, Willes* 218. 221. *Mather* v. *The Ministers of Trinity Church* & al. 3 *Serg. & Rawle* 509. 512, 3. 514. & seq. *Toby* v. *Reed,* 9 *Conn. Rep.* 217. 223, 4. Wild lands stand on different principles.

It is said, however, that the right of property in real estate, in *Connecticut*, draws to it the possession. Can this be true ? Can a creditor, who has levied on the land of his debtor, main-

*New-Haven,*
*July, 1834.*

Wheeler
*v.*
Hotchkiss.

tain trespass, until he has got into possession? Clearly not. Nor can a bargainee, although the statute of uses transfers the possession. *Com. Dig. tit.* Trespass. B. 3.

I am, therefore, well satisfied, that this action cannot be sustained, though the plaintiff has the right to the land in question. Consequently, judgment must be entered for the defendant.

The other Judges were of the same opinion, except PETERS, J., who was absent.

*Judgment for defendant.*