WILLIAM Y. RIPLEY *v.* HARVEY YALE AND ELIHU SPENCER.

Possession by the plaintiff is necessary, to enable him to maintain trespass *quare clausum fregit.*

Where the defendant went into possession of land under a parol contract of purchase, and, not having paid the purchase money according to the contract, the owner of the land sold and deeded it to the plaintiff, it was held that this did not constitute the defendant a tenant to the plaintiff, nor give the plaintiff any possession of the land, so as to enable him to maintain trespass against the defendant for an injury done to the premises.

TRESPASS *quare clausum fregit.* Plea, the general issue, and trial by the jury.

The plaintiff derived title to the premises in question from Russell Bly, by deed dated Aug. 11, 1841, and introduced evidence tending to prove that the defendant Yale, in 1839, made a verbal contract with said Bly to purchase the premises at a price agreed upon, and paid a part of the purchase money, and was to have a deed when he paid or secured the balance; that Yale immediately after entered into possession of the premises, under the contract, by consent of Bly; and has ever since been in possession; and

33

that in June, 1840, a deed, duly executed by said Bly, was tendered by him to Yale, which Yale refused to accept, saying that it was not such a deed as he was, by the contract, entitled to have; and that the security for the balance of the purchase money was not made to Bly, although it was ready to be given, if Yale could have had such a deed as he claimed.

The plaintiff also introduced evidence tending to prove that, within two or three days after the date of Bly's deed to him, he entered on the premises in company with his father, N. Ripley, who occupied the lands of the plaintiff adjoining, and authorized him to pasture his cattle on the premises,—the defendant's cattle then being in said pasture,—and immediately thereafter notified Yale that he had bought the premises and taken a deed from Bly, and also notified or ordered Yale to quit the premises,—which Yale refused to do, claiming right to hold the premises by virtue of his contract with Bly. But the father of the plaintiff did not turn any cattle on to the premises.

In September or October, 1841, Yale set fires on the premises, and burned over about one half, destroying a young growth of wood, &c.; and at other times he cut and carried from the premises a large amount of wood, cedar posts and rails, and saw logs. It appeared that the plaintiff, at the time he purchased of Bly, had notice of Yale's contract. The court decided that the plaintiff could not, upon such evidence, maintain the action of trespass, and directed a verdict for the defendants. Exceptions by plaintiff.

*Starr & Bushnell* and *E. N. Briggs* for plaintiff.

The plaintiff relies, for his right of recovery in this suit, on his title to the premises derived from Bly, and his entry under the same, and the notice given to Yale to quit the premises, previous to the trespasses complained of. Yale was a tenant at will to Bly,— the contract between them not being written,—previous to the deed executed by Bly to the plaintiff, and was tenant at will to the plaintiff, after the plaintiff took his deed from Bly, and the entry of the plaintiff must have the same effect as the entry of Bly would have had. Rev. St. 314, § 21.

1. A tenancy at will is determined by the entry of the landlord on the premises, with the avowed purpose of determining the ten-

Ripley *v.* Yale et al.

ancy. 2 Bl. Com. 146–150. *Tobey* v. *Webster*, 3 Johns. 468. *Wood* v. *Hyatt*, 4 Ib. 313. Com. Dig., Trespass B. 3. Co. Lit. 57 *a*, 62 *b*. 1 Sw. Dig. 513.

· 2. The acts of the defendant, in cutting timber, saw logs, &c., and burning over the close, were such as would determine the tenancy at will, without the entry of the plaintiff, and render the defendant liable in trespass. Co. Lit. 57. *Phillips* v. *Covert*, 7 Johns. 4. *Suffern* v. *Tompkins*, 9 Johns. 35. *Countess of Shrewsbury's case*, 5 Co. 13 *b*. 1 Ch. Pl. 179. His having entered under a contract to purchase the premises does not alter the case, inasmuch as the contract was not consummated. *Suffern* v. *Tompkins*, 9 Johns. 35. *Starr* v. *Jackson*, 11 Mass. 526. 7 Com. Dig. 492–3. *Treat* v. *Peck et al.*, 5 Conn. 280. *Goodtitle* v. *Herbert*, 4 T. R. 680. *Dunk* v. *Hunter*, 5 B. & Ald. 322, [7 Eng. C. L. 116.] *Bingham* v. *Cartwright*, 3 B & Ald. 326, [5 Eng. C. L. 306.] *Richardson* v. *Langridge*, 4 Taunt. 128. *Nicholl* v. *McKaeg*, 10 B. & C. 721, [21 Eng. C. L. 154.]

3. A supposed and uncertain equitable right in Yale cannot prevail over the legal rights of the plaintiff in an action at law. Nor can it qualify or control the entry of the plaintiff under his deed. *Jones* v. *Jones*, 7 T. R. 47. *Reade* v. *Reade*, 8 T. R. 122. *Beach* v. *Beach*, 14 Vt. 28. *Keene* v. *Deardon*, 8 East. 266. *Greeno* v. *Munson*, 9 Vt. 37.

*C. Linsley* for defendants.

1. As the very *gist* of an action of trespass on land is an injury to the possession, so a real and actual possession must be in the plaintiff, before he can sustain the action. 7 Com. Dig. 511, Tit. Trespass B. 3. *Stuyvesant* v. *Tompkins*, 9 Johns. 61. *Campbell* v. *Arnold*, 1 Johns. 511. *Jackson* v. *Sidney*, 12 Johns. 185. *Briggs* v. *Thompson*, Ohio Cond. R. 266. *Tobey* v. *Reed*, 9 Conn. 223.

2. Ripley has no greater rights in this case than his grantor,— for he had notice that Yale was in possession as a purchaser from Bly; and, so far from either Bly or Ripley being able to maintain this action, Yale might have maintained trespass against either of them for any injury to his possession. *Crosby* v. *Wadsworth*, 6 East 602. *Wilber* v. *Payne*, Ohio Cond. R. 118. *Goodrich* v. *Hathaway*, 1 Vt. 485.

3. The agreement having been partly performed, Yale was rightfully in possession, and can never be treated as a wrong doer by Bly, or by his grantees with notice. *Philbrook* v. *Belknap*, 6 Vt. 383. The effect of an entry on land unoccupied, or not held adversely, is very different from that of an entry on land actually possessed by one holding under an adverse claim. In the former case the law attaches the entry to the title; in the latter the entry is entirely ineffectual, because the possession is in fact held against the party entering.

The opinion of the court was delivered by

HEBARD, J. The plaintiff, in argument, assumes the ground that the defendant has no legal interest in the premises, — and that he, having the legal title and the *right* to possession, in contemplation of law has the *possession* ;—and this, in argument, results from the assumed fact that the relationship of *landlord* and *tenant* existed between the plaintiff and defendant. It is a general principle of law that the *gist* of the action of trespass *qu. claus. fregit* is the injury to the possession; and that, unless the plaintiff, at the time the injury was committed, was in the actual possession of the premises, the action cannot be supported. *Stuyvesant* v. *Tompkins*, 9 Johns. 61. *Campbell* v. *Arnold*, 1 Johns. 511. *Wheeler* v. *Hotchkiss*, 10 Conn. 225. *Tobey* v. *Reed*, 9 Conn. 216. 1 Chit. Pl. 175. There is, however, a qualification that attaches to this general principle of law. The owner of land, in the possession of a *tenant at will*, may maintain this action for a permanent injury to the freehold; but this is upon the ground that the possession reverts to the owner, upon the commission of the tortious act which determines the lease.

Whether Yale can be regarded as a tenant, in any sense of the term, is not very clear. He went into possession of the land under a contract of purchase, and paid a part of the purchase money, and claimed the land as his own. No rent was reserved, and none was due;—and in no way, *expressly* or *impliedly*, did he acknowledge any one to be his landlord. He entered as unconditionally, and as untrammeled by terms, as if the deed had accompanied the possession. Then there was no contract between the defendant and Bly in the first instance, which would create a tenancy ; and if one was created, it was by operation of law.

But whether he was, in any view of the case, a tenant of Bly, we think he cannot be regarded as the tenant of Ripley. The case of *Wheeler* v. *Hotchkiss,* 10 Conn. 225, is in point. The present case, in one respect, is different from the cases which have been cited. The plaintiff never was in possession of the premises, and he, therefore, only stands in the character of a *bargainee,* and therefore the possession of Yale, if he had been the *tenant at will* of Bly, would not be the possession of the plaintiff, so as to enable him to maintain this action,—and more especially as the *contract* was by parol.

We are clearly of opinion that the judgment of the county court was correct, and must be affirmed.