## ANNIE E. BURGESS *vs.* JOHN F. MULDOON.

A divorce absolutely dissolving the bond of matrimony cuts off and destroys the husband's right as tenant by the curtesy in his wife's real estate, unless the right is preserved to him by statute.

Pub. Stat. R. I. cap. 167, § 5, providing that whenever a divorce shall be occasioned for fault of the wife the husband shall hold "her real estate not secured to her by law during his natural life, in case they have had issue born alive of her body during the marriage, otherwise during her natural life only, if he shall survive her," is practically nullified by Pub. Stat. R. I. cap. 166, § 1, whereby the real estate of a married woman is "*absolutely* secured to her sole and separate use," since there is no real estate of a married woman which is not secured to her by law, and hence none which the husband can hold under cap. 167, § 5.

BILL IN EQUITY for a specific performance. On bill and answer.

*June 1, 1894.* TILLINGHAST, J. This is a bill for the specific performance of an agreement to purchase a lot of land in the city of Providence. It is resisted on the ground of an alleged imperfection in the title to said land. The bill shows that the complainant purchased the land in 1878, she then being the wife of William H. Burgess, and has owned it ever since; that at the October Term, 1890, of this court, the said William H. Burgess was granted a divorce from the complainant on the ground of extreme cruelty and desertion, and that the respondent refuses to carry out and perform his

agreement to purchase said land because the complainant being a married woman as aforesaid at the time when she purchased the land, and having had children of the marriage, the said William. H. Burgess, being still alive, is entitled under the statutes of this state to an estate for life in the land.

The only question raised by the bill and answer may be stated thus, viz.: Has a husband who obtained a divorce from his wife in this State in 1890, on the ground of extreme cruelty, any interest as tenant by the curtesy in the real estate owned by his wife at the time of granting the divorce, she having purchased said estate in 1878, and having had children by him born alive during the subsistence of the marriage ? We think this question must be answered in the negative. At the common law, the husband, upon the birth of living issue of the marriage, becomes tenant by the curtesy initiate, of all the real estate of his wife, but can only become tenant by the curtesy consummate, by her death. *Day* v. *Cochran*, 24 Miss. 261 ; 4 Amer. & Eng. Encyc. of Law, 958. In short, in order to constitute tenancy by the curtesy consummate, three things must take place while the marriage continues, viz., seizin of the wife, issue born alive capable of inheriting, and death of the wife. 1 Bishop on the Law of Married Women, § 479 ; *Wheeler* v. *Hotchkiss*, 10 Conn. 225 ; 1 Washburn on Real Property, 5th ed. p. 172–173; Schouler's Domestic Relations, 3d ed. § 202. See also *In re the Voting Laws*, 12 R. I. 586. In the case at bar, the divorce put an end to the marital relations by absolutely dissolving the bond of matrimony, and thus rendering it impossible for the husband's right as tenant by the curtesy ever to become consummate. 2 Bishop on Marriage & Divorce, 5th ed. § 712, and cases cited ; *Gould* v. *Crow*, 57 Mo. 200. In other words, the divorce cut off and destroyed the husband's right as tenant by the curtesy, unless the right is preserved to him by statute. *Barrett* v. *Failing*, 111 U. S. 523, and cases cited. The respondent's counsel contends that it is thus preserved under the provisions of Pub. Stat. R. I. cap. 167, § 5. Said section provides as follows : "Whenever the di-

vorce shall be occasioned by adultery or other of the causes aforesaid, done or committed on the part of the wife, the husband shall hold the personal estate not secured to her by law, forever, and her real estate not secured to her by law during his natural life, in case they have had issue born alive of her body during the marriage, otherwise during her natural life only, if he shall survive her." This statute in substance appears as early as the revision of 1798,[1] which was long before any act had been passed regulating the property rights of married women. It appears in the revision of 1822 on page 369, in the following language, viz.:

"SEC. 5. *And be it further enacted*, That when a divorce shall be had for the causes of affinity, consanguinity, impotency, idiocy or lunacy of either of the parties, the wife shall have restored to her all her lands, tenements and hereditaments, and a judgment may be passed for a restoration to her of all or such part of the personal estate specifically, or the value thereof, which hath come to the husband's hands, by virtue of the marriage, as the justices of the supreme judicial court, from all the circumstances of the case, shall deem equitable; and they make use of such process to carry their judgments into effect, as shall be necessary; and when the divorce shall be occasioned by adultery, or other of the causes aforesaid, done or committed on the part of the wife, the husband shall hold the personal estate forever, and her real estate during his natural life, in case they have had issue born alive of her body during the marriage, otherwise during her natural life only, if he shall survive her; *Provided, nevertheless*, That the court may allow her for her subsistence, so much of such personal or real estate as they shall judge necessary."

This statute without any material modification appears in the revision of 1844,[2] in which revision also appears the first act concerning the property of married women. In the revision of 1857,[3] the statute last above quoted was modified so

---

[1] Dig. of 1798, p. 480.
[2] Dig. of 1844, p. 263.
[3] Rev. Stat. R. I. cap. 137, § 5.

as to permit the husband, when the divorce was obtained for any of the causes mentioned, done or committed on the part of the wife, to hold the personal estate *"not secured to her by law,"* forever, and her real estate, *"not secured to her by law,"* during his natural life, in case they had issue born alive of her body during the marriage, otherwise during her natural life only, if he should survive her. Under the provisions of chapter 136 of said last named revision, the real estate, chattels real and personal estate which were the property of any woman before marriage, or which became hers after marriage, or which was acquired by her own industry, was so far secured to her sole and separate use that the same was not attachable or in any way liable to be taken for the debts of the husband either before or after his death; and upon his death in the lifetime of the wife, remained her sole and separate property.[1] In the revision of 1872, while the provision relating to the effect of a divorce on the property of the wife obtained by the husband, remains precisely the same as in said revision of 1857,[2] yet the property rights of married women were very materially changed, in that her property above specified was *absolutely* secured to her sole and separate use.[3] The revision of 1882, contains the same provisions respectively concerning the effect of a divorce on the wife's property and of her absolute right to said property.[4] Construing said provisions relating to the effect of a divorce on the separate property of the wife, with those absolutely securing said property to her, as we are bound to do, it will be seen that the former has been so far modified by

---

[1] Rev. Stat. R. I. cap. 136, § 1.

[2] Gen. Stat. R. I. cap. 153, § 5.

[3] Gen. Stat. R. I. cap. 152, § 1.

[4] Pub. Stat. R. I. cap. 166, § 1, is as follows:

SECTION 1. The real estate, chattels real and personal estate which are the property of any woman before marriage, or which may become the property of any woman after marriage, or which may be acquired by her own industry, shall be absolutely secured to her sole and separate use; neither the same nor the rents, profits or income of the same, nor any part thereof, shall be liable to be attached or in any way taken for the debts of the husband, either before or after his death, and upon the death of the husband in the lifetime of the wife, shall be and remain her sole and separate property.

the latter as to be practically nullified. That is to say, as the real estate of a married woman is now absolutely secured to her sole and separate use subject only to the husband's right as tenant by the curtesy, (Pub. Stat. R. I. cap. 166, §14,) and as the divorce cuts off this right also, as we have already seen, there is no real estate left which is not secured to the wife by law, and hence nothing upon which the statute can operate. See last part of note in 1 Washburn on Real Property, 5th ed. p. 322. We are therefore of the opinion that said William H. Burgess has no interest whatsoever in the land in question, and hence that the complainant is entitled to the relief prayed for.

*Edwin D. McGuinness & John Doran,* for complainant.
*John W. Hogan,* for respondent.