### C. W. STRATTON ET AL. v. H. A. LYONS.*†

#### Trespass. Damages. Evidence.

One S. in 1855 conveyed a clay-bed on his farm to five persons, who, in a short time deeded the same to the U. S. Pottery Company. Said company occupied the same till 1857, and abandoned it. The plaintiffs in 1862 derived their title by will from S., who gave them a life estate in the land, in which was the clay-bed. The plaintiffs had only such possession of the clay-bed as a general possession of the surface of the soil would give them. In 1874 the defendant took actual possession of the clay-bed, deriving his title from H., and on trial claimed that H. had acquired the title of said company, and to prove it, offered as evidence certain records of the company, as reports, &c., a deed from the company to H., a judgment in his favor, against the company, and an execution, which were excluded by the court. After the judgment had been excluded, the plaintiffs were allowed to attack its regularity. The damage was called the actual value of the clay taken away. Held:

1. That the plaintiffs can maintain the action on their possessory title.
2. Error, in excluding the records, judgment, &c.
3. Error, in allowing the judgment to be attacked, after it had been held inadmissible.
4. Error, as to damages. The measure in such cases is the amount of injury directly resulting to the plaintiff.
5. One in possession can maintain trespass on the freehold against a party who cannot show a better right in himself, or justify under one who has such right.
6. Land includes not only the soil, but all that is attached to it, above or below.
7. One in possession of the surface of the soil is in possession of all below the surface.

ACTION, trespass on the freehold. Trial by jury, December Term, 1878, DUNTON, J. presiding. The facts sufficiently appear in the opinion of the court.

*C. N. Davenport* and *J. R. Batchelder*, for plaintiff.

It was competent for the plaintiff to show that Sidney B. McEowen was neither a stockholder in the U. S. Pottery Company, and never acted as a director therein. *Carey* v. *Denison et al.,* 15 Vt. 400 ; *Barrett* v. *Copeland,* 18 Vt. 69 ; *Witheral* v. *Goss et al.,* 26 Vt. 750 ; *Boardman* v. *Goldsmith,* 48 Vt. 409. These facts being established, the judgment of *Harmon* v. *The Company* was void, although it might be necessary for the company, in or-

---

* Heard at the February Term, 1879.      † See *ante,* p. 130.

der to impeach it, to do so by petition or *audita querela*,—it was competent for these plaintiffs to do so in this action, they being strangers to the suit. *Nason* v. *Blaisdell*, 12 Vt. 165; *Atkinson* v. *Allen*, 12 Vt. 619; *Ingalls and Wife* v. *Brooks*, 29 Vt. 398; Hermon on Estoppels, 155–6, 180; *Hillingsworth* v. *Barber*, 4 Peters, 446; 2 Am. Lead. Cases, 809.

*Gardner & Harmon*, with whom was *Sibley*, for defendant.

1. It is competent for a general owner not only to divide his estate by metes and bounds, but to convey mines to one, quarries to another, and retain a general interest in the soil. *Adam* v. *Briggs Iron Co.*, 7 Cush. 361–9.

2. The court erred as to measure of damages. *Stearns* v. *Hollister*, 18 Vt. 294; *Pratt* v. *Battels*, 28 Vt. 685. Error, in excluding the deed and records. Gen. Sts. c. 86, s. 58; error, in allowing the judgment to be attacked after it had been excluded; officer's return conclusive, 18 Vt. 67–9; any defect in service should have been met by plea in abatement; 25 Vt. 346; *Collamer* v. *Page*, 35 Vt. 387.

3. Ceasing to exercise corporate powers does not dissolve a corporation. 66 Me. 398.

The opinion of the court was delivered by

ROYCE, J. On the 16th day of June, 1855, Elhanan W. Stratton, by his deed of quit-claim of that date, conveyed to J. H. Archer and four others who constituted the United States Pottery Company, their heirs and assigns forever, all his right, title, interest or demand in or unto the following described premises and rights, viz. : " The clay bed, so called, situated on my land easterly of the house where I live, near the brook, with the right of digging and carrying away the same from any part of the farm owned by me, and with a right of way to and from the clay in prosecuting the business of digging and moving said clay." The plaintiffs proved themselves in possession of the land described in the declaration, and entitled to a life estate in all the lands formerly owned by their father, Elhanan W. Stratton, under his will, executed January 26th, 1863. Archer and the other

grantees named in the deed from Stratton to them, dated June 16th, 1855, conveyed all the interest they acquired by said deed to the United States Pottery Company ; and said company occupied and possessed said clay-bed, and dug, and removed clay from the same until 1857. In January, 1874, the defendant took possession of said clay-bed, under color of a deed from George W. Harman, purporting to convey it by the same description given in the deed from E. W. Stratton. He occupied the clay-bed ; built a timber arch into the ground to enable him to reach the clay ; stored his tools there ; and dug and removed clay therefrom ; and had exclusive possession of the same, until the bringing of this action ; and this suit is brought to recover for those acts.

Neither Elhanan W. Stratton nor the plaintiffs ever had any possession of the clay-bed other than the general possession of the surface of the close in which it was situate after 1855, but the plaintiffs had such general possession ever after the probate of the will of E. W. Stratton, March 16th, 1863. It is claimed that the plaintiffs have not any title that will entitle them to maintain the action. Their general possession of the surface of the close in which the clay-pit was situate would include the surface of the clay-pit; and whoever is in possession of the surface of the soil is in law deemed to be in possession of all that lies underneath the surface. Land includes not only the ground or soil, but everything attached to it, above or below. The legal maxim is *cujus est solum, ejus est usque ad cœlum.* The action is called a possessory action, and it is well settled that any one in possession may maintain it against any one who cannot show a right superior to the right of the party in possession, or can justify under the party having such right. *Crowder* v. *Oldfield,* 6 Mod. 21 ; *Whittington* v. *Boxall,* 5 Q. B. 139 ; *Chambers* v. *Donaldson et al.,* 11 East, 65 ; 2 Hilliard on Real Prop., 266. So that we think the plaintiffs may maintain the action on their possessory title. Neither do we think that the defendant can defend by simply showing the actual title to the *locus in quo* in another. The possession which the United States Pottery Company once had was abandoned in 1857, and the possession of the surface which the plaintiffs then had would thereafter extend to the clay-pit ; and being so in pos-

session, they could defend that possession as against all persons who could not justify under the title of the Pottery Company. The defendant offered, as evidence tending to show that he had acquired the title of the Pottery Company, their articles of association and certain annual reports of said company, judgment files in a suit brought by George W. Harman against said company, original records of said company from June 10th, 1862, to January 8th, 1874, and a deed from said company to said Harman, dated January 9th, 1874. Upon a general objection to the admissibility of said papers as evidence, the court, *pro forma*, excluded them. We do not think that the court was justified in holding as matter of law that the papers offered in evidence had no tendency to show title in the defendant. It was not necessary to the admissibility of the evidence offered, that, standing alone, it should show title in the defendant; but if that evidence, together with such other evidence as the defendant might introduce, would show such title, it was admissible. The evidence had a tendency to show title in the defendant, and should have been admitted.

It appears that the plaintiffs were permitted, after the judgment files in the case of *Harman* v. *The Pottery Company* had been excluded, to attack that judgment by the evidence of S. B. McEowen, which tended to show that there was no legal service of the writ upon which the judgment was rendered. It would be permissible for the plaintiffs to attack and impeach the title under which the defendant attempted to justify; but evidence to impeach the judgment in favor of Harman was improperly admitted, because there was no such judgment in evidence.

We think the court erred upon the rule of damages. Elhanan W. Stratton conveyed all his interest in the clay which the defendant took from the pit and for which the plaintiffs were allowed to recover, by his deed to Archer and others; hence he had no interest left in the clay which could pass by his will to the plaintiffs, and a recovery for the value of the clay by the plaintiffs would not be a bar to a claim that might be made by those claiming under the deed from E. W. Stratton.

While, as we have seen, the plaintiffs might maintain the action upon their possessory title, they had no such interest in the clay

as would entitle them to recover for its value.   The measure of damages in this kind of action is the amount of injury directly resulting to the plaintiff from the acts complained of.   Sedgwick on Damages, 139.

The judgment is reversed, and cause remanded.