HANNAH TOWNSEND *v.* JOHN DOWNER.

*Conveyances of land, by what law governed. Sufficiency of their acknowledgment or proof and record prior to 1797. Co-grantor, his competency to prove execution of deed by the other's, and his presumed interest.*

Conveyances of land are to be made according to the law of the place where the land is. If there be a conflict of jurisdiction in that place, the law of the government *de facto*, exercising the jurisdiction, is to prevail rather than that of the government *de jure*.

The sufficiency of the acknowledgment or proof of a deed of lands in this state, made in 1773, is to be determined by either the laws of the province of New Hampshire, or of this state; and not by those of the province of New York where the deed was executed.

Previous to 1797 there was no law in this state authorizing the record of a deed of lands in this state, which was executed out of the state prior to 1787, and acknowledged or proved only according to the law of the place where executed. And the law of 1797 did not legalize the records of such deeds as were then made.

*Semble.* If the interest or title of the co-grantors in a deed is joint, each would seem to be interested in the entirety, and so not competent to prove the execution of the deed by his co-grantors;—and in every case of a joint deed, the more reasonable presumption is, that the interest of the grantors is joint.

EJECTMENT for lot No. 50, in that part of Williston which was formerly a part of Burlington. Plea, the general issue and trial by jury, September Term, 1852,— POLAND, J., presiding.

The plaintiff's testimony tended to show that Thomas Youngs was one of the original grantees of the town of Burlington, which was chartered in 1763, and that said lot No. 50 was drawn to his right; that by his will made in 1792, and proved in 1797, he devised to the plaintiff, then the wife of Joseph Townsend, who died in 1843, " a certain right of land which I purchased, lying on " the main, supposed to be in the state of Vermont." The possession by the defendant of said lot was admitted. The defendant read in evidence, a deed of said lot No. 50, from George Stevens, collector, to Thaddeus Tuttle, dated April 4, 1818, and a succession of conveyances from said Tuttle down to the defendant, and it was admitted that the possession had been held and claimed by the successive grantees of Tuttle since 1820. The defendant offered in evidence a copy of a deed from Thomas Youngs, Thomas Aslop, John Wright, Edmond Weeks, and John Wright, Jr. to Heman Allen, dated April 10, 1773, conveying all their right, titles, or shares of land in Burlington, which were granted to them in the charter of said town, which was recorded in Burlington in February, 1795, together with evidence respecting the colonial statutes of New York in relation to the acknowledgment and proof of deeds. To this deed, the names of Job Wecleted, Obadiah Wright and John Wright appeared to be signed as attesting witnesses, and the only certificate of the acknowledgment or proof of said deed was in these words, "Mem- " orand.—That fourteenth day of April, 1773, personally appeared " before me, Henry Cruger, one of his Majestic's counsel for the

"province of New York, John Wright, and did acknowledge that
"he signed, sealed and delivered this as his own free will, and did
"also upon his solemn affirmation declare, that he saw all the per-
"sons whose names are subscribed sign, seal and deliver this as
"their free and voluntary act and deed; and and also see the sub-
"scribing witnesses sign as witnesses."      "HEN. CRUGER."

The plaintiff objected to the introduction of said copy in evidence
for the reason that said certificate was not sufficient proof of the
execution of the deed to permit it to be legally recorded, or make
a copy of the record evidence.   This objection was overruled and
the copy admitted in evidence, and upon the testimony introduced,
the court decided that the said acknowledgment and proof was legal
and valid, and that the copy was legal evidence of said deed, and
directed a verdict for the defendant, to which the plaintiff excepted.

*W. W. Peck and John J. Townsend* for the plaintiff.

The copy of the deed from Thomas Youngs and others to Heman
Allen was improperly received.

The defendant does not claim or show any possession under this
deed, and therefore no presumption in its favor can arise from
lapse of time.   *Williams* v. *Bass*, 22 Vt. 352.

When this deed was recorded, no law existed authorizing deeds,
acknowledged or proved in another state prior to 1787, to be
recorded.   The act of March 8, 1787, is simply prospective, and
did not authorize this record.   The next act, passed March 6, 1797,
after this record was made, gave the record no new virtue.   If it
could help the original deed, it could not make good a record, which,
at the time it was made, was of no effect.   The act of recording
was an act the officer was not authorized or required by law to
perform, as to this deed.   For that reason neither his record, nor a
certified copy thereof, can be admitted in evidence.   *Hart* v. *Gage*,
6 Vt. 170.   *Carter* v. *Champion*, 8 Conn. 549.   *Bush* v. *Van Ness*,
12 Vt. 92.   *Isham* v *Benn. Iron Co.*, 19 Vt. 230.

The *lex fori* furnishes in all cases, *prima facie*, the rule of decis-
ion; if either party wishes the benefit of a different rule or law,
*e. g.* the *lex domicilii, lex loci contractus*, or *lex loci rei sitæ*, he
must aver and prove it.   *Monroe* v. *Douglas*, 1 Sel. 452.   By the
the laws of Vermont, the *proof* of the execution by the grantor has

never been received, where his *acknowledgment* could be procured ; and Thomas Youngs was living and resident where-the certificate was made, until 1797.

John Wright was a party to the deed and therefore incompetent to prove it. Interest in an instrument disqualifies a subscribing witness. *Swire* v. *Bell*, 5 T. R. 371. No matter if the amount of interest be small. *Burton* v. *Hinde*, 5 T. R. 174. The wife of a grantor is incompetent. *Smith* v. *Chapman*, 4 Conn. 344. *Carter* v. *Champion*, 8 Conn., 549. Nor can the grantee identify the grantor before the certifying officer. *Goodhue* v. *Berrien*, 2 Sandf. Ch. R. 630.

*D. A. Smalley*, for the defendant.

If the deed from Thomas Youngs and others to Heman Allen, in 1793, was a good and valid deed, the plaintiff acquired no title under the will. If possession had been taken under the deed, and continued for thirty years, the deed would have proved itself. *Jackson* v. *Moore*, 13 John. 513. 3 Johns. Cases, 117–123. But possesion alone is not the only confirmation of an ancient deed, 2 Cow. & H.'s notes, 1313. If all the circumstances show satisfactorily that a deed was given by Thomas Youngs of which this is a copy, it is enough. *Jackson* v. *Laraway*, 3 Johns. Cases 283 and note 292. The certificate is one fact which goes to show it. The court, after the lapse of eighty years, will not presume a fraud when nothing is shown on which to base such a presumption. *Stevens* v. *Griffith*, 3 Vt. 448. The record of the deed in 1795, is another fact to show its existence, which the court will take into consideration after the lapse of more than fifty years. 2 Cow. & H.'s notes 1315. If it is necessary that there should have been a law in force in 1795, authorizing the deed to have then been recorded, the court should presume it. *Brown* v. *Edson et al.*, 23 Vt. 435. It is not to be presumed that a recording officer makes records of papers that are not to be recorded. *Booge* v. *Parsons*, 2 Vt. 456. We think the statute of 1787 authorized the recording of the deed. If not, the constitution adopted in 1792, authorized it. But if there was no law before 1795 authorizing it, the act of 1797 gives force and validity to the record actually made.

The record of the deed is full proof of the deed itself from

Youngs to Allen. 2 Aik. 239. 2 Vt. 456. The deed being one of which the defendant is not entitled to the custody, the copy coming from the place where the deed should be recorded is all that it is necessary for the defendant to show. 35 C. L. R. 353, 55 Do. 156. 13 M, & W. 519. 23 Vt. 325. 2 Vt. 456. 2 Aik. 377.

The opinion of the court was delivered at the circuit session, in September, 1855, by

REDFIELD, CH. J. This case having been twice argued, it seems desirable to determine it, without further delay. It was decided in the court below, upon a very narrow ground, the sufficiency of the acknowledgment and record of the deed from Youngs to Heman Allen, dated April 10, 1773, and acknowledged the 14th of the same April, and recorded February 20, 1795, It is of course not necessary to go beyond these questions. No question of presumption has been properly raised in the case, and whether one can be raised in regard to the execution of this deed, as the evidence in the case shows that the defendant does not claim to hold the land under this deed, but under an independent title, originating in a vendue sale, it is not needful here to inquire.

The first inquiry is in regard to the sufficiency of the acknowledgment. Indeed, the two questions of record and proof or acknowledgment of the deed seem to be inseperably united. The acknowledgment is of no avail, except for the purpose of entitling the deed to record. The thing really aimed at is to ascertain whether the existence and execution of the deed can be shown by the copy of the record. The record is of no avail unless the proof or acknowledgment of the deed, and the registry was made in conformity with the law of the place, where the land was. For the conveyance of land, is to be made according to the law of the place of the land, that is, the *lex rei sitæ*. And if there be a conflict of jurisdiction, in that place, the law of the government, *de facto*, exercising the jurisdiction, rather than of the government, *de jure*, is to prevail.

Strictly speaking then, we could only look at the law of the province of New Hampshire, and of this state, after it superseded that law. For although the present territory of Vermont did rightfully belong to the province of New York, the actual jurisdiction

was always maintained by New Hampshire. And we are not aware of any such connection between the provinces of the British empire here, as will make the case differ from that of entirely seperate jurisdictions.

The acknowledgment of the deed as to John Wright, and the proof of its execution by the other grantors, seems to be sufficient under the New York statute of 1771, a copy of which is put in the case, unless there is some fatal objection to one of the grantors in a joint deed, executed by more than one person, being a witness to the execution of the deed, by his co-grantors. If the interest or title conveyed were joint, it would seem that each owner is interested in the entirety, and so not competent to prove the execution of the deed, by his co-grantors, any more than by himself. And although one may acknowledge a deed for himself, it would not be allowable probably for him to prove the execution by himself, or to be a witness to his own execution. And if the interest of these grantors was several, it is not easy to comprehend, why they should have joined in the execution of the deed. It seems not easy, then, to make out clearly, that this John Wright, who appears by the certificate of the magistrate, to be the same person, who executed the deed and also witnessed it, is really competent to perform both offices, unless we can presume the interests conveyed, to have been several, which is not a reasonable presumption in any case of a joint deed. For if the interest is really several it seems almost an absurdity to suppose they should have joined in the deed.

But if we could surmount this difficulty, the proof of the execution of the deed is only according to the law of a foreign jurisdiction, when the land was granted, held and to be conveyed according to the laws of New Hampshire. And by this law deeds could only be proved, as they can now, and always could in this state, when the grantor was dead, incompetent to make the acknowledgment, or refused to do it. And the statute of the province of New Hampshire, in force from 1701 to 1792, (it would seem from the edition of the statute laws of New Hampshire, published in 1815,) only admitted to record, deeds acknowledged, or proved according to that statute. And the proof of a deed, according to the provincial statute of New Hampshire, could only be made, in any case, as a sort of caveat, after the grantor had been committed for con-

tempt, in not acknowledging the deed, and only during the continuance of such contempt. But in New York proof and acknowledgment were at the election of the parties, and always have been, we suppose. The case then fails upon this point also.

There is still another difficulty in the admission of the copy of the record of this deed, made in 1795, that there was no law in force in the state, at that time, allowing a deed executed out of the state, prior to 1787, and acknowledged or proved according to the laws of the state or country where executed, to be recorded in this state. And the statute in this state passed in 1797, admitting such deeds to record, could have no effect in legalizing a record, made before the statute was passed.

Viewing this case upon the law merely, the ruling of the court below seems to have been without just foundation.

The question of presumption from lapse of time and attending circumstances, is one of fact to be submitted to the jury, under proper instructions, which was not attempted. We have no occasion to speak of it further.

Judgment reversed and case remanded.