CHARLOTTE V. NICKERSON *vs.* HENRY C. THACHER.

Barnstable. March 8, 1888. — May 4, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Trespass — Title — Dower — Evidence — Probate Court.*

A person in actual occupation of land may maintain trespass against any one except the real owner, or one having the right of possession.

A dowress in occupation of land may, in an action of trespass against a stranger, put in evidence, on the question of her possession, probate proceedings setting off the land to her, which, whether valid or invalid, have never been doubted.

TORT for breaking and entering the plaintiff's close, and taking away sand, wood, trees, and cranberries.

At the trial in the Superior Court, before *Staples*, J., it appeared that the plaintiff occupied the locus as a part of land set off to her as dower. The plaintiff was permitted to introduce, as evidence of her title and possession, proceedings in the Probate Court by which it appeared that commissioners duly appointed to set off dower made a report reciting that the dower as set off was equal to one half of the estate of her deceased husband ; that Josiah Taylor and Sophia Taylor, being the only heirs of her husband, assented in writing to the report; and that on April 16, 1878, the Probate Court made a decree accepting the report, " all parties interested . . . . having assented thereto in writing," and assigning the land so set off to the plaintiff as tenant in dower. The only objection by the defendant to the plaintiff's recovery was to the admission of such report and decree, on the ground that the commissioners had no power to set off one half of the estate as dower, and that the decree was void. The jury found for the plaintiff ; and the defendant alleged exceptions.

*T. C. Day*, for the defendant.

*H. P. Harriman*, for the plaintiff.

C. ALLEN, J. One who is in the actual occupation of land may maintain trespass against any person except the real owner, or the person having a right of possession. *Barnstable* v. *Thacher*, 3 Met. 239. *Sweetland* v. *Stetson*, 115 Mass. 49. There was nothing to show that the defendant had any right whatever to

go upon the land; but the stress of his argument is, that the plaintiff's title was not good. We need not enter upon that question; although we may remark that those in whom the title stood, if not in her, not only have never questioned, but expressly affirmed her title. The utmost that we have to decide is, that the proceedings setting off the land to her, whether valid or invalid, never having been doubted, might be put in evidence upon the question of her possession of the land. And of this we have no doubt. *Allen* v. *Taft*, 6 Gray, 552, 554. *Motte* v. *Alger*, 15 Gray, 322. *Exceptions overruled.*