## William Munson and Marion Munson v. Harry G. Goodro and Cyril Lafountain

[ 204 A.2d 126 ]

June Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Sylvester, JJ.

Opinion Filed October 6, 1964

*Peter Forbes Langrock* for plaintiffs.

*Conley & Foote* for defendants.

**Holden, C. J.** This action in trespass was brought to recover damages inflicted by the defendants' excavation and removal of gravel from a wood lot on the plaintiffs' farm. The Munson farm on its eastern boundary adjoins lands owned by the defendant Goodro. The area where the alleged trespass was committed is enclosed by a fence which the plaintiffs claim marked their east, and the defendant Goodro's west line.

A gravel pit was opened on the Goodro lands, east of the area where the alleged trespass was committed. The pit was operated by the defendant Lafountain by agreement with Goodro which provided the latter should receive fifteen cents for each yard of gravel removed. The plaintiffs contend that as the excavation progressed it exceeded the limits of Goodro's land and invaded the lands held by the plaintiffs.

The evidence supports the inference that the operation was conducted as a joint enterprise with both defendants participating in the profits. If the excavation, in fact, invaded the plaintiffs' freehold, both defendants would be liable. *Whitman* v. *Lowe,* 98 Vt. 152, 157, 126 Atl. 513.

At the close of all the evidence, the trial court granted the defendants' motion for directed verdicts. The plaintiffs appeal.

The evidence presented by the plaintiffs fails to establish that they have good and indefeasible title of record. First, it is a reasonable inference from one of the plaintiffs' own exhibits, that the wood lot where the alleged trespass occurred, was reserved and excepted from the grant of Arad B. and Lila Stevens to Archie S. Gladding in 1914. Gladding's deed from Stevens is an essential link in the plaintiffs' chain of title. It is a source of their title to the farm which they now occupy, and of which they claim the excavated wood lot is a part.

By either reservation or exception, the wood lot was effectively withheld from the grant to Gladding. See, *Smith's Exr.* v. *Jones,* 86 Vt. 258, 259, 84 Atl. 866. And the plaintiffs would gain no beneficial interest from this source.

Secondly, the plaintiffs' immediate grantor was Anna Munson Early, a sister of one of the plaintiffs. Her conveyance to the plaintiffs was by way of a quit claim deed of the farm property, dated May 6, 1938. It does not appear that at that time she had acquired title from Gladding's grantees, Albert A. and Julia M. Fletcher.

It was not until the following June 27, 1938, when Anna Munson Early received an administrator's deed from Julia M. Fletcher's representative, that legal title to the farm purportedly vested in the plaintiffs' immediate grantor. Since the Fletcher interest was acquired by Anna Munson Early after May 6, 1938, her prior quit claim deed would not transfer the title subsequently acquired from Mrs. Fletcher's administrator.

A quit claim deed conveys to the grantee only the interest which the grantor had at the time of the conveyance. In the absence of covenants of title, after acquired interests will not inure to the benefit of the prior grantee. *Smith Admr.* v. *Pollard,* 19 Vt. 272, 277; 16 Am. Jur. Deeds, §344; 26 C.J.S. Deeds, §118; annotations, 44 A.L.R. 1276 and 162 A.L.R. 566. Compare *Blacke & Goodhue* v. *Tupper,* 12 Vt. 39, 44.

Apparently these considerations directed the ruling of the trial court in taking the case from the jury. But the plaintiffs' failure to establish legal title to the site of the trespass does not justify the court's action in the presence of evidence of the plaintiffs' possession.

The gist of the action of trespass upon the freehold is injury to possession. *Ripley* v. *Yale,* 16 Vt. 257, 260; *Humphrey* v. *Twin State Gas & Electric Co.,* 100 Vt. 414, 418, 139 Atl. 440; *Austin* v. *Hallstrom,* 117 Vt. 161, 163, 86 A.2d 549. Any occupant of land, in exclusive possession at the time of the injury, may recover his consequential damage. It is not essential that he establish legal title to the damaged area for the interest protected by the action is that of possession rather than legal title. *Stratton* v. *Lyons,* 53 Vt. 641, 643; *Way* v. *Fellow,* 91 Vt. 326, 328, 100 Atl. 682; *Nickerson* v. *Thacher,* 146 Mass. 609, 16 N.E. 581; Harper & James, Law of Torts, §1.2.

The record presents evidence to indicate that William Munson went into possession of the farm in 1920. This was done under an arrangement which he, his brother and sister had with Albert Fletcher for the purchase of the property. Five hundred dollars was paid as part of the purchase price and the balance was to be satisfied by

annual payments. At the time of this transaction, the plaintiff William Munson traveled the boundaries of the farm with Fletcher. There was evidence that Fletcher pointed out the present fence, enclosing the wood lot, and informed the plaintiff—"You own up to that fence."

There was other evidence that the fence has remained in the same location since 1920 and that there is no other fencing in the vicinity. There was also substantial evidence that the fenced area had been used by the plaintiffs for twenty years or more for pasturing cattle and as a source of wood supply.

To be sure this evidence was stoutly resisted. In addition, the defendant Lafountain claimed that his removal of stumps and excavation of gravel on lands of the plaintiffs was done with the consent and at the direction of the plaintiffs. This in turn was denied by the plaintiffs. These conflicts and contradictory inferences concerning the nature of the plaintiffs' possession of the disputed area and the defendants' participation in the excavation, by consent or otherwise, presented issues for the jury to resolve. *O'Brien* v. *Dewey,* 120 Vt. 340, 346, 143 A.2d 130. It was error to withdraw them from the jury by directed verdicts.

*Judgment reversed and cause remanded.*