**In re William J. AVERY, Linda K. Avery, Debtors.**

**Bankruptcy No. 84–00062.**

United States Bankruptcy Court, D. Vermont.

June 20, 1984.

Jerome I. Meyers, Norwich, Vt., trustee, pro se.

William W. Dibbern, Barre, Vt., for debtors.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Court has for determination the Objection of the Trustee to the homestead exemption claimed by Linda K. Avery, a co-debtor in this proceeding. It is predicated on the allegation that the property in which this debtor claims a homestead "is not in her name."

## UNDISPUTED FACTS

William J. Avery and Linda K. Avery, husband and wife, filed a Joint Petition for Relief under Chapter 7 of the Bankruptcy Code. The husband claims the so-called federal exemptions under 11 U.S.C. § 522 of the Bankruptcy Code, whereas his wife, Linda K. Avery, has scheduled exemptions under the laws of the State of Vermont including a personal residence pursuant to 27 V.S.A. § 101 with a value of $20,000.00.

Debtor Linda K. Avery resides with her husband on premises consisting of a house and lot located on Weir Road, Williamstown, Vermont, owned by her husband, William J. Avery, by virtue of a conveyance to him recorded in Book 51, Pages 125–126 of the Land Records of the Town of Williamstown, Vermont.

## DISCUSSION

▇ Generally speaking, the word "homestead" is used in popular parlance to describe the home or residence of the family; the term signifies the dwelling house in which the family resides, with the usual and customary appurtenances, including outbuildings that are necessary or convenient for family use, and lands that are devoted to the same purpose. 40 Am. Jur.2d 115 § 1.

▇ The homestead is an estate sui generis governed by the homestead law. Homestead is purely statutory and gives no greater right than the statute itself creates. The quality that the law gives to the tenure by which a homestead is held consists in the restrictions placed on the power of the owner of the underlying title to alienate or encumber it and its exemption from forced sale in satisfaction of judgments. 40 Am.Jur.2d 117 § 3.

Although the law creating the homestead right is to be construed liberally in the debtor's favor, it should not be so applied as to make it an instrument for the accomplishment of fraud or imposition. Construction should not be so liberal as to depart from the plain and obvious meaning of the words used or to confer rights upon persons who have not brought themselves at least within the spirit of the constitutional or statutory provisions, without being supplemented or extended by judicial construction. The homestead claimant is entitled only to that which the statute has conferred upon him; the courts cannot protect what is not homestead. Homestead exemption laws ought not to be so construed as to give the debtor the power by his own acts to deprive others of rights

previously obtained in his property. 40 Am.Jur. 123–4 § 12.

■ In this jurisdiction a homestead exemption springs from 27 Vermont Statutes Annotated § 101, which reads as follows:

"The homestead of a natural person consisting of a dwelling house, outbuildings and the land used in connection therewith, not exceeding $30,000.00 in value, and <u>owned</u> and used or kept by such person as a homestead together with the rents, issues, profits and products thereof, shall be exempt from attachment and execution except as hereinafter provided." (Underscoring supplied.)

Implicit in this statute is some type of ownership by the person claiming the exemption. One may have a homestead right in premises in which he has only an equitable title. *Executor of Doane v. Doane and Trustee*, 46 Vt. 485; *Thorp v. Thorp*, et al., 70 Vt. 46, 49, 39 A. 245. But in any event for a homestead to arise, there must be both ownership and occupation of the premises. One's homestead right in property can never rise any higher than the right, title, or interest that he owns in the property attempted to be impressed with the homestead right. 40 Am.Jur.2d 151 § 52. There are conflicting views as to whether possession without title may be successfully asserted as a claim of homestead. However, occupancy of premises together with the owner or the lessee by permission merely is not a sufficient basis for a homestead claim. 40 Am.Jur.2d 152–3 § 54.

■ In this jurisdiction it is generally held that the homestead law does not vest any title to the homestead in the wife of the general and legal owner, during his lifetime, but only a contingent and inchoate right which, if not released or otherwise barred, may be enforced if the wife survives him. *Proulx v. Parrow*, 115 Vt. 232, 242, 56 A.2d 623; *Cole v. Cole*, 117 Vt. 354, 364, 91 A.2d 819; *Davis v. Andrews*, 30 Vt. 678, 681; *Thorp v. Thorp*, 70 Vt. 46, 50, 39

A. 245. Ownership and occupancy or use are the essential conditions of the existence of the homestead right. *Thorp v. Thorp*, 70 Vt. 46, 50, 39 A. 254; *Morgan v. Stearns*, et al., 41 Vt. 398, 407.

■ As a general rule homestead rights are determined as of the date of the filing of the petition for relief. *Mansell v. Carroll*, 379 F.2d 682 (10th Cir.1967); *In Re Penland* (Bankr.E.D.Tenn.1983) 34 B.R. 536, 540; *In Re Grindal* (Bankr.D.Me. 1983) 30 B.R. 651, 652. This Court has followed the general rule. *In Re White* (Bankr.D.Vt.1982) 18 B.R. 95, 96; *In Re Soter* (Bankr.D.Vt.1983) 26 B.R. 838, 843. See also 4 Collier 15th Ed. 541–22 § 541.04.

■ In the instant case the petition for relief was filed on April 6, 1984. On that date the debtor, Linda K. Avery, was residing with her husband on the premises owned solely by him but she held no ownership rights in them, legal, equitable or otherwise. As a result she could not then qualify for a homestead exemption. Her right was merely inchoate which could ripen into a consummate homestead exemption upon the death of her husband. See 27 V.S.A. § 105 reading in part as follows:

*"Surviving spouse's interest in homestead*

If such person [1] dies leaving a widow or surviving husband, his or her homestead to the value aforesaid shall pass to and vest in such widow or surviving husband without being subject to the payment of debts of the deceased, unless legally charged thereon in his or her lifetime; …"

In sum, debtor, Linda K. Avery, is not entitled to a homestead exemption. However, this is not to say that her spouse is barred from making such a claim under the proper circumstances.

### ORDER

Upon the foregoing, IT IS ORDERED

---

1. Refers to spouse.

1.   The Objection of the Trustee to the homestead exemption claimed by debtor, Linda K. Avery, is SUSTAINED.

2.   The debtor is DENIED such exemption.