In re Sondra Lou GORMAN, Debtor.

In re Lou Aileen GORMAN, Debtor.

In re John Douglas GORMAN and Christina Lynne Gorman, Debtors.

Bankruptcy Nos. 86–66 to 86–68.

United States Bankruptcy Court, D. Vermont.

Nov. 14, 1986.

C. Nicholas Burke, Plante, Richards, Terino & Hanley, White River Junction, Vt., for Estate of Sherman W. Melendy.

E. Patrick Burke, Ryan, Smith & Carbine, Rutland, Vt., for Dartmouth Sav. Bank.

Jerome I. Meyers, White River Junction, Vt., for debtors.

William H. Rice, Office of the Atty. Gen., Montpelier, Vt., for Vermont Rehabilitation Corp.

Ernest P. Sachs, Davis, Rounds & Sachs, P.C., Windsor, Vt., for Richard Michaelenoick d/b/a Redwater Blueberry Farms and Nursery.

Opinion & Order on the Objections to Debtors' Homestead Exemptions

FRANCIS G. CONRAD, Bankruptcy Judge.

The debtors have claimed homestead exemptions for a property referred to as The Ledges Apartments. Several creditors have objected to these claims, alleging that the debtors conveyed the property to a Vermont partnership, also known as The Ledges Apartments, that the debtors had formed. They contend that this entity and not the debtors is the owner of the property the debtors claim as exempt. The debtors reply that the deed the objecting creditors are relying on and two earlier deeds in the chain of title are defective and that a later corrective deed demonstrates that title to The Ledges Apartments is in the debtors as tenants in common. Because we hold that these defects, even if they were significant, have been remedied by corrective deeds that established that the

title the debtors conveyed to the partnership was good, we sustain the creditors' objections to the claimed homestead exemptions.

Objections to the debtors' claim that The Ledges Apartments is an exempt homestead were filed by the Dartmouth Savings Bank, by Richard Michaelenoick d/b/a Redwater Blueberry Farms and Nursery, and by the Vermont Rehabilitation Corporation, to which the Randolph National Bank assigned its mortgage. The debtors, the Vermont Rehabilitation Corporation, and Dartmouth Savings Bank filed memoranda of law. On August 6, 1986 we held an evidentiary hearing on the creditors' objections. After the hearing, the debtors and the Vermont Rehabilitation Corporation filed supplementary memoranda. In reaching our conclusions, we considered the documentary evidence, the arguments of counsel, and the parties' several memoranda of law.

The Vermont statute under which the debtors are claiming homestead exemptions, 27 V.S.A. § 101, requires that a debtor own the property claimed as exempt. The statute provides:

*The homestead of a natural person consisting of a dwelling house, outbuildings and the land used in connection therewith, not exceeding $30,000.00 in value, and owned and used or kept by such person as a homestead together with the rents, issues, profits and products thereof, shall be exempt from attachment and execution except as hereinafter provided.*

Ownership of the property as of the date of the filing of the petition for relief is a prerequisite for the assertion of a homestead right. See *In re Avery*, 41 B.R. 224, 226, 12 B.C.D. 162 (Bkrtcy.D.Vt.1984); *Thorp v. Thorp*, 70 Vt. 46, 49–50 (1897). Under Vermont law, it is the partnership as a separate legal entity and not the individual partners that owns real property acquired by the partnership. See 11 V.S.A. §§ 1163, 1282(a).

The following deeds reflecting transfers of the claimed property were introduced in evidence:

(A) Warranty deed from Charles B. and Phyllis S. JOHNSON to Lou Aileen Clark GORMAN, dated February 1, 1965, and recorded in Book 31, page 316, of the land records for the Town of Norwich.
(B) Warranty deed from Lou Aileen GORMAN to John J. LONG, Jr., dated October 26, 1977, filed October 27, 1977, and recorded in Book 57, pages 74–76, of the land records for the Town of Norwich. This deed recites that "[t]his is a straw conveyance for the sole purpose of placing title to the within granted premises in the names of Lou Aileen Gorman, Sondra Lou Gorman, and John Douglas Gorman as tenants in common, and the grantor has no other interest herein."
(C) Quitclaim deed from John J. LONG, Jr. to Lou Aileen, Sondra Lou, and John Douglas GORMAN, dated October 26, 1977, filed October 27, 1977, and recorded in Book 57, pages 77–79, of the land records for the Town of Norwich. This deed recites that "[t]his is a straw conveyance for the sole purpose of placing title to the within granted premises in the names of Lou Aileen Gorman, Sondra Lou Gorman, and John Douglas Gorman as tenants in common, and the grantor has no other interest herein."
(D) Warranty deed from Lou Aileen, Sondra Lou, and John Douglas GORMAN, tenants in common, to THE LEDGES APARTMENTS, a Vermont Partnership, dated October 26, 1977, filed October 27, 1977, and recorded in Book 57, pages 80–82, of the land records for the Town of Norwich.
(E) Warranty deed from Lou Aileen GORMAN to John J. LONG, Jr., dated October 28, 1977, filed October 28, 1977, and recorded in Book 57, pages 87–89, of the land records for the Town of Norwich. This deed recites that "[t]his is a straw conveyance for the sole purpose of placing title to the within granted premises in the names of Lou Aileen Gorman, Sondra Lou Gorman, and John Douglas Gorman as tenants in common, and the grantor has no other interest herein." The deed further recites that "[t]he pur-

pose of this deed is to correct and modify the deed recorded in Book 57 at Page 74 wherein one of the witnesses to the grantor's signature was the grantee thereunder. The correction and modification consists in the use of two witnesses, neither of whom is the grantee hereunder."

(F) Quitclaim deed from John J. LONG, Jr. to Lou Aileen, Sondra Lou, and John Douglas GORMAN, dated October 28, 1977, filed October 28, 1977, and recorded in Book 57, pages 90–92, of the land records for the Town of Norwich. This deed recites that "[t]his is a straw conveyance for the sole purpose of placing title to the within granted premises in the names of Lou Aileen Gorman, Sondra Lou Gorman, and John Douglas Gorman as tenants in common, and the grantor has no other interest herein." The deed further recites that "[t]he purpose of this deed is to correct and modify the deed recorded in Book 57 at Page 77 wherein one of the witnesses to the grantor's signature was grantee thereunder. The correction and modification consists in the use of two witnesses, neither of whom is a grantee hereunder."

On October 24, 1983, Sondra Lou Gorman, as duly authorized agent of the partnership The Ledges Apartments, gave a mortgage to the Dartmouth Savings Bank. On October 12, 1984, each of the four partners, Lou Aileen Gorman, Sondra Lou Gorman, John Douglas Gorman, and John Douglas Gorman's wife, Christina Lynne Gorman, on behalf of The Ledges Apartments, gave a mortgage to the Randolph National Bank. On July 23, 1985, the Randolph National Bank assigned the mortgage to the Vermont Rehabilitation Corporation. These deeds and mortgages are all properly recorded in the Town Clerk's Office in Norwich, Vermont.

The debtors' argument, to the extent we have succeeded in unraveling it, appears to be that the two corrective deeds (E) from Lou Aileen Gorman to John J. Long, Jr., and (F) from John J. Long, Jr., to the Gormans establish title in the debtors individually. The debtors take the position that the straw deed (B) from Lou Aileen Gorman to John J. Long, Jr. is defective because the grantee, John J. Long, Jr., served as one of the witnesses; that the quitclaim deed (C) from John J. Long, Jr. to the Gormans is likewise defective because one of the grantees, Lou Aileen Gorman, was an acknowledging witness; and that the warranty deed the objecting creditors are relying on (D) from the Gormans as tenants in common to the partnership is defective because the description of the property refers to the allegedly defective earlier quitclaim deed (C) from Long to the Gormans. The debtors insist that, since the two most recent deeds in the chain of title, the two corrective straw deeds (E) from Lou Aileen Gorman to Long and (F) from Long to the Gormans as tenants in common, recite as their purpose placing title in the Gormans as tenants in common, the debtors own the property and can claim a homestead exemption under Vermont law. Furthermore, because the corrective deed (F) from Long to the Gormans was a Quitclaim deed, the debtors argue that none of the deeds before (E) Lou Aileen Gorman's corrective warranty deed to Long except the deed (A) from the Johnsons to Lou Gorman is relevant.

■ Assuming, without deciding the question, that the Gormans did not convey to the partnership good title to the property because the earlier deeds (B) from Lou Gorman to Long and (C) from Long to the Gormans were fatally defective, as the grantor feared, because in each instance a grantee, an incompetent witness, acknowledged the instrument,[1] the question then

---

**1.** See *Sheldon Slate Products Co. v. Kurjiaka,* 124 Vt. 261, 267–68, 204 A.2d 99 (1964) (execution and delivery of the deed, though defective because unwitnessed, was nevertheless evidence tending to show an agreement by grantors to execute a valid deed); *Vermont Accident Insur-* *ance Co. v. Fletcher & Fletcher,* 87 Vt. 394, 397, 89 A. 480 (1914) (an unacknowledged deed may be effective between the parties). But see *Day v. Adams,* 42 Vt. 510, 514–15 (1869) (under former statute, a deed having only one instead of two witnesses is invalid). The statute, which

becomes what the present status of the corrective deeds is. The debtors argue that these deeds reflect no intention on Lou Aileen Gorman's part to reconvey the property to the partnership. The difficulty with the debtors' argument is that it distorts the purpose of the two corrective deeds by relying only on the language in each deed that gives as the sole purpose of the straw conveyance "placing title to the within granted premises in the names of Lou Aileen Gorman, Sondra Lou Gorman, and John Douglas Gorman as tenants in common ..." Immediately afterwards, however, each of the two corrective deeds indicates that its purpose "is to correct and modify" the parallel earlier deed, specifically identified by the book and page where it was recorded, because one of the witnesses was a grantee under that deed. The stated purpose of the corrective deeds to serve as straw transactions between Lou Aileen Gorman, John J. Long, Jr., and the Gormans as tenants in common is simply a reiteration of the purpose recited in the original straw deeds. Deed (E) was expressly intended to correct deed (B), and deed (F) to correct deed (C), and so could not affect the conveyance (D) from the individual partners to the partnership. Therefore, whether we regard the original straw deeds as effective, and the corrective straw deeds as nugatory, or regard the corrective deeds as curing any defect in the earlier deeds, the transfer (D) from the Gormans as tenants in common to the partnership conveyed valid title to the property claimed as exempt.[2]

The debtors second argument is no more than a variation on their original argument. They suggest that, because Long's corrective straw deed (F) to the Gormans as tenants in common is a quitclaim deed, the deed (D) from the Gormans to the partnership is of no force or effect. Since the deed (F) from Long to the Gormans is a quitclaim deed, the debtors reason, the Gormans' "after-acquired" interest in the property does not inure to the benefit of the partnership as a prior grantee under the deed (D) from the Gormans. See *Munson v. Goodro*, 124 Vt. 282, 284, 204 A.2d 126 (1964). The debtors are in the untenable position of arguing that the corrective straw deeds are not valid to correct, as they explicitly recite, the earlier straw deeds, but nevertheless are valid as a new transaction to convey the property to the debtors. The difficulty here again is the assumption that the corrective deeds, despite their stated purpose, operate independently at the time of their execution. The corrective straw deeds relate back to the original straw transaction, which they attempt to recreate exactly without the possibly defective acknowledgement. To the extent the corrective deeds were necessary, their place in the chain of title is before, not after, the critical deed (D) from the Gormans to the partnership.[3] Since we hold that the corrective straw deeds effectively accomplished their stated purpose of rectifying the record of the original straw transaction, even if the transaction was undermined by the defective acknowledgement, we need not address the parties' other arguments.

■ Accordingly, we ORDER that the objections of the Dartmouth Savings Bank, Richard Michaelenoick d/b/a Redwater Blueberry Farms and Nursery, and the Vermont Rehabilitation Corporation to the debtors' claim of a homestead exemption in

---

still requires two witnesses, is now 27 V.S.A. § 341.

**2.** We also note that, since the debtors gave the partnership a warranty deed to the property, they are now in a position of attacking the title that they warranted in this deed (D) to defend. What is more, in 1983 and 1984 the partnership gave mortgages to the Dartmouth Savings Bank and to the Randolph National Bank.

**3.** Even if were to ignore the remedial purpose of the two corrective deeds and treat the transfer

by warranty deed (D) from the Gormans to the partnership as a transfer of after-acquired property acquired by virtue of the corrective quitclaim straw deed (F) from Long to the Gormans, which transferred (E) Lou Gorman's warranted interest to Long, the warranty deed (D) from the Gormans to the partnership passed the Gormans' after-acquired title to the partnership. See *Cross v. Martin*, 46 Vt. 14, 18 (1873); *Middlebury College v. Cheney*, 1 Vt. 336, 349 (1828).

the property known as The Ledges Apartments be SUSTAINED.