In re Sondra Lou GORMAN, Debtor.

In re Lou Aileen GORMAN, Debtor.

In re John Douglas GORMAN and Christina Lynne Gorman, Debtors.

Sondra Lou GORMAN, Lou Aileen Gorman, John Douglas Gorman and Christina Lynne Gorman, Appellants,

v.

DARTMOUTH SAVINGS BANK, Vermont Rehabilitation Corp., Richard Michalenoick and Franklin S. Billings, Jr., Executor of the Estate of S. Melendy, Appellees.

Civ. A. No. 87–12.

United States District Court, D. Vermont.

April 17, 1987.

Jerome I. Meyers, White River Junction, Vt., for appellants.

E. Patrick Burke, Rutland, Vt., for Dartmouth Sav. Bank.

William Rice, Asst. Atty. Gen., Montpelier, Vt., for Vermont Rehabilitation Corp.

Ernest Sachs, Norwich, Vt., for Richard Michalenoick.

C. Nicholas Burke, White River Junction, Vt., for Franklin S. Billings, Jr., Executor of the Estate of S. Melendy.

## OPINION AND ORDER

COFFRIN, Chief Judge.

This action is an appeal pursuant to 28 U.S.C. § 158 by appellants/debtors, Sondra Lou Gorman, Lou Aileen Gorman, John Douglas Gorman and Christina Lynne Gorman ("debtors") from a final order of the United States Bankruptcy Court 68 B.R. 541 for the District of Vermont. In the proceedings below, each of the debtors filed petitions for relief in bankruptcy under Chapter 11 of the Bankruptcy Code. Each of the debtors also claimed a homestead exemption in certain real property known as the Ledges Apartments ("Ledges"), located in Norwich Vermont. The bankruptcy court found as a matter of law that the debtors did not own the Ledges at the time they filed their petitions for relief. Therefore, the court sustained appellees'/creditors' objections to the claimed homestead objections. The debtors contest this ruling on appeal. Based upon our de novo review of this question of law, we AFFIRM the decision of the bankruptcy court.

## BACKGROUND

The record on appeal reveals that the material facts in this action are not in dispute. The debtors individually filed petitions for relief under Chapter 11 of the Bankruptcy Code on April 14, 1986. Each of the debtors also claimed a $30,000 homestead exemption in certain real property known as the Ledges Apartments. Appellants in this action, the Dartmouth Savings Bank and the Vermont Rehabilitation Corporation, ("creditors") objected to the debtors' homestead exemption claims. The creditors assert that legal title to the real property in question is held by "The Ledges Apartments", a Vermont partnership formed by the debtors. Creditors therefore assert that debtors are not entitled to a homestead exemption under Vt.Stat.Ann. tit. 27, § 101.[1] In an opinion dated Novem-

---

1. Vt.Stat.Ann. tit. 27, § 101 provides as follows: The homestead of a natural person consisting of a dwelling house, out buildings, and the land used in connection therewith, not exceeding $30,000.00 in value, and owned and used or kept by such person as a homestead together with the rents, issues, profits and products thereof, shall be exempt from attachment and execution except as hereinafter provided.

ber 14, 1986, the bankruptcy court agreed with the creditors and sustained their objections to debtors' homestead exemption claims. The undisputed chain of title to the Ledges is as follows: [2]

Deed 1. Warranty deed of *Johnson* to Lou Aileen *Gorman* dated *February 1, 1965,* and recorded at Norwich Book 37, page 316.

Deed 2. Warranty deed of Lou Aileen *Gorman* to John J. *Long,* Jr. dated *October 26, 1977,* and recorded at Norwich Book 57, page 74. (This deed includes the following language: "This is a so-called straw conveyance for the sole purpose of placing title to the written granted premises in the names of Lou Aileen Gorman, Sondra Lou Gorman and John Douglas Gorman as tenants in common, and the grantor has no other interest herein."). This deed was improperly witnessed.

Deed 3. Quitclaim deed of John J. *Long,* Jr. to Lou Aileen Gorman, Sondra Lou Gorman and John Douglas Gorman *(3 Gormans)*, as tenants in common dated *October 26, 1977,* and recorded at Norwich Book 57, page 77. (This deed includes the following language: "This is a so-called straw conveyance for the sole purpose of placing title to the within granted premises in the names of Lou Aileen Gorman, Sondra Lou Gorman and John Douglas Gorman as tenants in common, and the grantor has no other interest herein.") This deed was improperly witnessed.

Deed 4. Warranty deed of Lou Aileen Gorman, Sondra Lou Gorman and John Douglas Gorman *(3 Gormans)*, as tenants in common to *The Ledges Apartments,* a Vermont partnership, dated *October 26, 1977,* and recorded at Norwich Book 57, page 80.

Deed 5. A corrective warranty deed of Lou Aileen *Gorman* to John J. *Long,* Jr. dated *October 28, 1977,* and recorded at Norwich, Book 57, page 87. (This deed includes the following language: "The purpose of this deed is to correct and modify the deed recorded in Book 57, page 74, wherein one of the witnesses to the grantee's signature was the grantee thereunder. The Correction and modification consists in the use of two witnesses, neither of whom is grantee hereunder.")

Deed 6. A corrective quitclaim deed of John J. *Long,* Jr. to Lou Aileen Gorman, Sondra Lou Gorman and John Douglas Gorman *(3 Gormans)*, as tenants in common, dated *October 28, 1977,* and recorded at Norwich, Book 57, page 90. (This deed includes the following language: "The purpose of this deed is to correct and modify the deed recorded in Book 57, page 77, wherein one of the witnesses to the grantor's signature was the grantee thereunder. The correction and modification consists in the use of two witnesses, neither of whom is grantee hereunder.")

Deed 7. Mortgage deed from *The Ledges Apartments,* a Vermont partnership, (executed by Sondra Lou Gorman, as general partner) to the *Dartmouth Savings Bank* in the original principal amount of $211,000.00 dated *October 24, 1983,* and recorded at Norwich Book 72, page 125.

Deed 8. Mortgage deed from *The Ledges Apartments,* a Vermont partnership, (executed by John D. Gorman, Sondra Lou Gorman, Lou Aileen Gorman and Christina Lynne Gorman) to the *Randolph National Bank* in the original principal amount of $70,000.00 dated *October 12, 1984,* and recorded at Norwich, Book 74, page 506.

Deed 9. Assignment of real estate mortgage from the *Randolph National Bank* to the *Vermont Rehabilitation Corporation* dated *July 23, 1985,* and recorded at Norwich, Book 76, page 465.

These deeds will be referred to in our discussion below as deeds 1 through 9.

## DISCUSSION

The debtors raise two issues for review on appeal. First, did the debtors own the

---

**2.** All the parties outline the chain of title in their briefs on appeal. While these outlines are all the same substantively, we have adopted the outline format used by appellant Vermont Rehabilitation.

Ledges at the time their petitions for relief in bankruptcy were filed, thereby entitling them to claim homestead exemptions under Vt.Stat.Ann. tit. 27, § 101? Second, if we determine that the debtors did own the Ledges and are entitled to a homestead exemption, may each debtor claim a separate $30,000 exemption in the same subject property? Our standard of review on appeal of these questions of law is de novo. *In re Pizza of Hawaii*, 761 F.2d 1374, 1377 (9th Cir.1985); *In re Levine*, 32 B.R. 742 (S.D.N.Y.1983). We find that the debtors did not own the Ledges at the time they filed their petitions for relief. Because of our decision on the first issue, we do not reach the second question presented by the debtors.

In order for a debtor to claim a homestead exemption under Vt.Stat.Ann. tit. 27, § 101, the parties agree that the debtor must own the subject property at the time a petition for relief in bankruptcy is filed. *Id.; In re Avery*, 41 B.R. 224, 226 (Bankruptcy Vt.1984); *Thorp v. Thorp*, 70 Vt. 46, 49–50, 39 A. 245 (1897). Property held in the name of a partnership is not owned by the individual partners, but is instead held by them as tenants in partnership. Vt. Stat.Ann. tit. 11, § 1282(a). Individual partners may not claim a homestead exemption in partnership property. *Id.,* § 1282(b)(3).

■ The debtors argue on appeal that they owned the Ledges individually, as tenants in common, at the time they filed their petitions for relief in bankruptcy. In support of this position, the debtors assert that Deeds 2 and 3 were invalid and did not effectively pass title to the grantees thereunder because the deeds were improperly witnessed. Because of the invalidity of Deeds 2 and 3, debtors argue that they did not hold legal title to the Ledges when they executed Deed 4. Therefore no title passed to the grantee, the Ledges Apartments Partnership, under Deed 4. The debtors further argue that corrective Deeds 5 and 6 did not relate back under the doctrine of after-acquired title to validate Deed 4 because Deed 6 was a quitclaim deed. Because the debtors never reconveyed the

Ledges to the partnership subsequent to corrective Deed 6, debtors conclude that title to the property remained in them individually, as tenants in common, at the time their petitions in bankruptcy were filed.

Initially, we are confronted with the question of whether Deeds 2 and 3 were invalid and ineffective to pass title because they were not properly witnessed. Vt.Stat. Ann. tit. 27, § 341 sets out the execution and acknowledgment requirements for a valid deed in Vermont. The statute provides, in pertinent part, that "[d]eeds and other conveyances of lands, or of an estate or interest therein, shall be signed by the party granting the same and *signed by two or more witnesses* and acknowledged by the grantor before a town clerk. . . ." *Id.* The general rule, followed in Vermont, is that an individual who is a party to a deed is not a competent attesting witness. *Townsend v. Downer*, 27 Vt. 119, 124 (1854).

Deeds 2 and 3 were improperly witnessed because a grantee was an attesting witness to each of the deeds. Debtors assert that these defects in witnessing render Deeds 2 and 3 invalid and ineffective to pass title. *Day v. Adams*, 42 Vt. 510, 515 (1869). In *Day*, the Vermont Supreme court applied a virtually identical predecessor statute to Vt.Stat.Ann. tit. 27, § 341 and held that a deed with only one subscribing witness was invalid and created no legal encumbrance on the subject premises. However, the bankruptcy court correctly pointed out in its discussion that Vermont law is unclear on the question of whether an improperly witnessed deed is invalid. *See Sheldon Slate Products Co. v. Kurjiaka*, 124 Vt. 261, 267–68, 204 A.2d 99 (1964) (execution and delivery of deed, though defective because unwitnessed, was nevertheless evidence tending to show an agreement by grantors to execute a valid deed); *Vermont Accident Insurance Co. v. Fletcher & Fletcher*, 87 Vt. 394, 397, 89 A. 480 (1914) (unacknowledged deed may be effective between the parties).

All of the parties to this appeal have assumed in their briefs that Deeds 2 and 3 are invalid because they were not properly

witnessed. Therefore, based upon the conflicting caselaw and the apparent agreement of the parties on this issue, we will assume for purposes of this decision that Deeds 2 and 3 did not effectively pass title to the subject real estate.

Even though we assume that Deeds 2 and 3 are invalid, we believe Deed 4 still effectively passed title in fee simple absolute from Lou Aileen Gorman to The Ledges Apartments partnership. It is uncontested that Deed 1 effectively transferred title from the prior owner of the Ledges to Lou Aileen Gorman. Assuming that Deeds 2 and 3 were invalid, Lou Aileen Gorman remained the sole holder of legal title to the Ledges at the time Deed 4 was executed. Deed 4 was validly executed in accordance with all the requirements of Vt.Stat.Ann. tit. 27, § 101.[3] It clearly manifests the intent of all three of the grantors named in the deed to surrender their entire interest in the Ledges in favor of the grantee, the Ledges Apartments Partnership. See e.g. 23 Am.Jur.2d Deeds § 335 (1983) ("Where no estate is expressly mentioned in the granting clause or premises, a rebuttable presumption arises that all the interest of the grantor passed by the conveyance unless a contrary intent is clearly manifest from the language of the entire instrument.") Therefore, in Deed 4 Lou Aileen Gorman effectively relinquished all rights and title she had in the Ledges in favor of The Ledges Apartments Partnership.

Debtors assert that because Deeds 2 and 3 were invalid, "the debtors did not have title to the property when they attempted to convey it to the Ledges Apartments Partnership." (Debtors' Brief, p. 7). While it is true, based on the assumption Deeds 2 and 3 did not pass title to the property, that two of the three named grantors in Deed 4 did not possess a beneficial interest in the subject property, the third grantor, Lou Aileen Gorman, held title in fee simple absolute. The deed manifested her intent to transfer so much of the estate as she held. The fact that she was mistaken as to the nature of the estate she held does not change her intent to convey so much of the fee as she held. Cf. 23 Am.Jur.2d Deeds § 336 ("A valid deed properly executed and delivered is operative to convey such estate as the grantor has notwithstanding it purports to convey a larger estate.") Also favoring the validity of the transfer accomplished by Deed 4 is the general rule of construction of deeds in favor of the grantee. Merritt v. Merritt, 146 Vt. 246, 250, 500 A.2d 534 (1985); Fairbrother v. Adams, 135 Vt. 428, 430, 378 A.2d 102 (1977). See also 23 Am.Jur.2d Deeds § 229 ("Practically all courts agree that a deed will be given an interpretation which will cause it to be effective in preference to one which would render it inoperative . . . .").

We conclude that Deed 4 validly conveyed Lou Aileen Gorman's fee simple absolute to the Ledges Apartments Partnership on October 26, 1977.[4] Therefore

---

**3.** We note that in the proceedings below, the only question raised as to the validity of Deed 4 concerned the adequacy of the Deed's description of the property being conveyed. Deed 4 described the property being conveyed by reference to an earlier deed, as follows:

> Being all and the same land and premises, with buildings thereon, conveyed to Lou Aileen Gorman, Sondra Lou Gorman, and John Douglas Gorman, as tenants in common, by John J. Long Jr. by Quit–Claim Deed dated October 26, 1977 and recorded in the Norwich Land Records in Book ___ at Page ___. Reference may be had to the aforesaid deed and records therein mentioned, for a more complete description of the within granted premises.

It is beyond dispute in Vermont that a deed may refer to a prior recorded deed for a description

of the premises conveyed, and that the "deed referred to is regarded as of the same effect as if it had been copied into the deed itself. . . ." Wakefield v. Levin, 118 Vt. 398, 403, 110 A.2d 716 (1954); Lippett v. Kelley, 46 Vt. 516, 523 (1874). Therefore, Deed 4 is not invalid for want of an adequate description of the property conveyed.

**4.** Even if we had determined that Deed 4 did not operate of its own force and effect to transfer legal title to the Ledges Apartments Partnership, we believe that legal title would have passed to the grantee partnership under the doctrine of after-acquired title once corrective Deeds 5 and 6 were executed. Deed 4 conveyed title to the partnership via warranty deed. Under Vermont law, a warranty deed conveys the grantor's after-acquired title to the grantee "by operation of law, in discharge of the covenants of the deed."

the debtors did not own the subject property when they filed their petitions for relief in bankruptcy on April 14, 1986, and they were not entitled to a homestead exemption in the Ledges property pursuant to Vt.Stat. Ann. tit. 27, § 101.[5]

### CONCLUSION

For all the foregoing reasons, we AFFIRM the final order of the bankruptcy court below sustaining Appellees' objections to the homestead exemptions claimed by Appellants in certain real property known as the Ledges Apartments.  SO ORDERED.

*Cross v. Martin,* 46 Vt. 14, 18 (1873).  The rationale for this rule was early and succinctly laid down by the Vermont Supreme Court in *Middlebury College v. Cheney,* 1 Vt. 336 (1828):

> We find, on inspection of Allen's deed to Spafford, that it contains the usual covenants of warranty.  Hence his after-purchase enures to the benefit of Spafford.  This is well settled law.  It is salutory that such should be the law.  What a farce it would seem for Allen to recover the lands of Spafford because he has now a title which he had not when he conveyed to Spafford and then Spafford recover of Allen the full value of the lands, and, perhaps, extra damages, on the covenants of Allen's deed, which assured Spafford at the time, that Allen had a title and was well seized, and would warrant and defend the premises.  The law abhors such circuity of action.

*Id.* at 349.  Similarly, in this action the debtors will not be heard to argue that their alleged after-acquired title via Deeds 5 and 6 did not inure to the benefit of the Ledges Apartments Partnership, simply because no deed was executed to the partnership subsequent to Deeds 5 and 6.

We also note that the debtors' brief misconstrues the doctrine of *Munson v. Goodro,* 124 Vt. 282, 204 A.2d 126 (1964).  Debtors assert that because corrective Deed 6 conveyed title via quitclaim deed, that the debtors' after-acquired title cannot inure to the benefit of the grantees under Deed 4.  In *Munson,* the court stated:

> A quitclaim deed conveys to the grantee only the interest which the grantor had at the time of conveyance.  In the absence of covenants of title, after acquired interests will not inure to the benefit of the prior grantee.

*Id.* at 284.  In the case at bar, unlike in *Munson,* the prior grantee claiming after-acquired title obtained its interest via warranty deed and not via quitclaim deed.  Therefore the grantors' after-acquired title inures to the benefit of the prior grantee, the Ledges Apartments Partnership.

5.  As indicated earlier, we do not reach the second issue presented by debtors on appeal because of our disposition of the first issue.