In re William A. **RUSSELL,** Jr., Debtor.

Bankruptcy No. 87–30.

United States Bankruptcy Court, D. Vermont.

Nov. 25, 1987.

J. Anderson, Ryan, Smith & Carbine, Rutland, Vt., for Bank of New England (BNE).

J. Meyers, White River Junction, Vt., for William A. Russell, Jr. (debtor).

## ORDER SUSTAINING OBJECTION TO CLAIM OF EXEMPTION UNDER 11 USC § 522(d)(1)

FRANCIS G. CONRAD, Bankruptcy Judge.

This matter[1] is before us on the objection of BNE to Debtor's claim of a homestead exemption in property under 11 U.S. C. § 522(d)(1). The property in question is owned by the Phoenix Farm Partnership, (PFP), in which Debtor holds a ten (10%) percent interest as a limited partner. The novel question we must decide is whether under Vermont law an individual debtor may claim a homestead exemption in real property occupied by the debtor but owned by a limited partnership in which the debtor has an interest as a limited partner?

BNE contends that Debtor may not claim a homestead exemption in the partnership property because, under Vermont's law which governs a partner's rights in partnership property, the debtor merely possesses an inseparable interest in the partnership with no individual rights of possession in specific partnership property. 11 Vt.Stat.Ann. §§ 1283, 1399(4), 1400 (1987). In opposing memorandum, Debtor maintains that 11 U.S.C. § 522(d)(1) must be construed liberally to include the debtor's interest in his share of the profits and surplus of the partnership and within the parameters of that he is entitled to exempt the homestead he occupies. Because we find that Vermont's partnership law does not recognize a right of a limited partner to claim a homestead exemption in specific partnership property without agreement of the partners, we sustain BNE's objection to Debtor's claimed homestead exemption in the PFP property.

Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on February 11, 1987. In his petition, Debtor states his address is the Phoenix Farm located on Barber Hill Road, Woodstock, Vermont. At paragraph 12(b) of his Statement of Affairs, Debtor shows he transferred legal title of Phoenix Farm to PFP in November, 1986. His Schedule A–2 shows two creditors, Federal Land Bank ($84,339) and Henry Maxham ($18,000), both secured by mortgages on the Phoenix Farm. In his statement of real property owned, Debtor lists a ten (10%) percent partnership interest in Phoenix Farm which he values at $20,000. In addition to the Federal Land Bank and Henry Maxham, Debtor lists thirteen (13) creditors having unsecured claims without priority totaling $1,026,825. Included among these creditors is BNE's claim for $125,000. This claim is based on a BNE loan made to Debtor in 1985.

On his Schedule B–4, Debtor claims a homestead exemption in his ten (10%) percent interest in Phoenix Farm under 27 Vt.Stat.Ann. § 1987 up to $30,000. BNE timely objected to Debtor's claimed homestead exemption on April 1, 1987.[2] Debtor then amended his Schedule B–4 to claim a $7,500 homestead exemption in his ten (10%) percent limited partnership interest in the Phoenix Farm under 11 U.S.C. § 522(d)(1).

Debtor urges that the nature and extent of his right to exempt the Phoenix Farm property stems from the purpose for creating the Federal homestead exemption found in 11 U.S.C. § 522(d).[3] We are mind-

---

1. We have jurisdiction to hear this matter under 28 U.S.C. § 1334(b). It is a core matter under 28 U.S.C. § 157(b)(2)(B). This Order constitutes findings of fact and conclusions of law under Rules of Practice and Procedure in Bankruptcy Rule 7052.

2. BNE has standing to object to the exemption under Rules of Practice and Procedure in Bankruptcy Rule 4003(b).

3. Debtor argues in his memorandum that the basis for the Federal Exemptions found in the Code is the Uniform Exemption Act. 3 Bankruptcy Service L.Ed. § 22:26 at p. 44. While we

ful of that purpose and the policy that the Federal homestead exemption should be liberally construed in favor of the debtor, *Porter v. Aetna Casualty Surety Co.* 370 U.S. 159, 162, 82 S.Ct. 1231, 1233, 8 L.Ed.2d 407 (1962), but for the exemption to be allowed the debtor must have an interest in the property. *In re Boitnott,* 4 B.R. 119; 2 CBC.2d 69 (Bkrtcy.W.D.Va.1980). The issue, therefore, requires first a determination by us whether we use State or Federal law to ascertain Debtor's property rights in his homestead.

As we said in *In re Brent:*

Aside from the meager legislative history, there is little law addressing the federal homestead exemption. See *Collier on Bankruptcy,* 15th Ed., pages 522–48, 522–49 (paraphrasing testimony before the legislature). Because most states have opted-out of the federal exemptions, there are few decisions specifically interpreting this exemption.

A homestead is a property interest. Property interests are not created by the Constitution, but by existing rules or understandings that stem from an independent source such as State law. *Ruckelshaus v. Monsanto,* 467 U.S. 986, 1001, 104 S.Ct. 2862, 2872, 81 L.Ed.2d 815, 831 (1984), citing *Webb's Fabulous Pharmacies, Inc. v. Beckwith,* 449 U.S. 155, 161, 101 S.Ct. 446, 450, 66 L.Ed.2d 358 (1980), quoting *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

Moreover, the homestead right recognized by Congress in 11 USC § 522(d)(1) reflected a due regard for the adjustment of local and national interests. The opt-out provision in § 522(b)(1) represented a compromise that reinforced the relations between coordinate political authorities. See the remarks of Senator DeConcini and Representative Edwards, S. 17412 (daily ed. Oct. 6, 1978); 124 Cong. Rec.H. 11095 (daily ed. Sept. 28, 1978).

*In re Brent,* 68 B.R. 893, 895 (Bkrtcy.D.Vt. 1987).

■ In *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), the Supreme Court held:

Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both State and federal courts within a state serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving "a windfall merely by reason of the happenstance of bankruptcy."

Id., 440 U.S. at 55, 99 S.Ct. at 918, 59 L.Ed.2d at 142, citing, *Lewis v. Manufacturer National Bank,* 364 U.S. 603, 609, 81 S.Ct. 347, 350, 5 L.Ed.2d 323 (1961). *Butner* instructs that we must turn to the laws of Vermont to determine whether a limited partner in bankruptcy may claim a Federal homestead exemption in real property occupied by him but owned by the limited partnership.

■ Debtor asserts that he may exempt his ten (10%) percent interest in the limited partnership which entitles him to use the Phoenix Farm property as a residence. This argument is specious when viewed in light of Vermont's partnership law. Under Vermont law, a partnership owns real property as a distinct legal entity separate and apart from the individual partners. 11 Vt. Stat.Ann. §§ 1163, 1282(a); *In re Gorman,* 68 B.R. 541 (Bkrtcy.D.Vt.1986) aff'd *Sondra Lou Gorman v. Dartmouth Savings Bank,* 82 B.R. 253 (D.Vt.1987).

There is no dispute among the parties with respect to who owns title to the Phoenix Farm property. The property belongs to PFP.[4] Under 11 Vt.Stat.Ann. § 1400,

---

agree with this proposition we do not find it dispositive of the issue regarding the rights Debtor may claim in the Phoenix Farm property.

**4.** On June 3, 1987, we gave the parties sixty days to stipulate to the facts of this matter. The parties did not do so. We must assume then, from the facts brought out in the pleadings and memoranda, that PFP is a limited partnership

"A limited partner shall have the right to receive a share of the profits or other compensation by way of income, and to the return of his contribution ..." This right is called the limited partner's partnership interest. This interest is personal property. 11 Vt.Stat.Ann. § 1408.

In jurisdictions with limited partnership laws similar to Vermont's, we find uniformity in decisions regarding the right of individual partners to claim an interest in specific partnership property. The overwhelming majority of these cases hold that an individual partner may not claim title in partnership property. See *In re Fulton*, 43 B.R. 273 (Bkrtcy.M.D.Tenn.1984) (partner may only claim rights in specific partnership property when such rights are bestowed on him by state law); *In re Browning*, 13 B.R. 6 (Bkrtcy.S.D.Al.1981) (under Alabama law, a partner may not claim property as exempt against co-partners or partnership creditors an undivided interest in partnership property); *In re Manning*, 37 B.R. 755 (Bkrtcy.D.Co.1984) (although general partners have a right under Colorado law as tenants in partnership, the incidents of this tenancy are so negligible that ownership of the property is, for all practical purposes, in the partnership, not the partners); Contra *H.A. Phillips v. C. Palomo & Sons*, 270 F.2d 791 (5th Cir.1959) (partners allowed to exempt truck trailers owned by partnership but previously segregated for the individual use of the partners). The purpose of denying a partner any specific property rights in these jurisdictions, as well as in Vermont, comes from the principle that partnership property is used for the benefit of the partnership as a whole and to pay partnership debts, and not for the benefit of the individual partner. This purpose is codified in Vermont in 11 Vt.Stat.Ann. § 1282(b)(3)[5] which states:

> A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership. When partnership property

is attached for a partnership debt, the partners, or any of them, or the representatives of a deceased partner, **cannot claim any right under the homestead or exemption laws.**

(emphasis ours). We believe that the converse is true and that this subparagraph deals with the situations where partnership property is not only attached for partnership debt but also where an individual partners debt is concerned. Moreover, 11 Vt. Stat.Ann. § 1412(a) clearly provides that a creditor of a limited partner may charge the separate property of a general partner of a limited partnership, but may not redeem such interest with the partnership property. Clearly, these two sections, when read pari materia, show that the interest of the debtor, although personal property, cannot rise to the level of a homestead right. This right is so personal that to claim it from a limited partnership interest would require the clear and unequivocal consent of the partners. We have no evidence of such consent here.

We hold, therefore, that Debtor's claimed Federal homestead exemption in his limited partnership interest is barred by the substantive law of the State of Vermont.

Accordingly, it is ORDERED that Bank of New England's objection to Debtor's Amended Schedule B–4 is SUSTAINED, and it is FURTHER ORDERED that Debtor's exemption claim under 11 U.S.C. § 522(d)(1), is DENIED, and it is FURTHER ORDERED that Debtor is to amend his Schedule B–4 within thirty (30) days from the date of this Order.

---

formed in accordance with the laws of the State of Vermont.

**5.** We apply this portion of Vermont's partnership law because 11 Vt.Stat.Ann. § 1161 states:

"... but this Chapter shall apply to limited partnerships insofar as the statutes relating to such partnerships are inconsistent herewith."