Filed 01/31/24

VERMONT SUPERIOR COURT

Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 22-CV-04312

---

**Louise Warner v. Richard Pope, Jr.**

---

## ENTRY REGARDING MOTION

Title:          Motion; Motion to Set Aside Judgment; Motion for Writ of Attachment; Motion for Relief From Judgment; Motion for Temporary Restraining Order and Preliminary Injunction - EMERGENCY; ; ; ; for Findings of Fact and Conclusions of Law (Motion: 8; 9; 11; 12; 13)
Filer:          Deborah T. Bucknam; Deborah T. Bucknam; Deborah T. Bucknam; Deborah T. Bucknam; Harold B. Stevens, III
Filed Date:     November 06, 2023; November 16, 2023; November 28, 2023; November 29, 2023; December 21, 2023

The motion is GRANTED IN PART and DENIED IN PART.


The present matter concerns property rights between a mother, her daughter, and the daughter's estranged husband.  Following a series of preliminary and summary rulings that were based on partial information, the Court conducted a hearing in this matter based on Defendant Pope's motion to set aside the earlier writ of attachment and summary judgment granted in this matter.  As explained below, the Court grants this motion and grants Pope's request to re-occupy a portion of the property located at 81 Cover Road in Newport, Vermont.

*Findings*

Defendant Richard Pope, Jr. and Counter Defendant Angela Markwell were married on October 9, 2009 in Newport Vermont.  They have two children together who live the mother in Canade.  Plaintiff Louise Warner is Counter Defendant Markwell's mother.  Both Markwell and Warner are Canadian citizens with primary residences in Canada.  Pope is a U.S. and Canadian citizen with Canadian permanent residency status.   During the bulk of their marriage, Pope and Markwell lived in Stanstead, Quebec in a house that Markwell owned prior to their marriage. The testimony is that during the marriage, Pope contributed

to the Stanstead home's upkeep and expenses with money earned at his job. Markwell also contributed all of her income to the household to maintaining it and raising the couple's two children.

In 2014, the parties purchased the lakefront property at 81 Cove Road in Newport, Vermont. While the property and mortgage were in Markwell's name, Pope credibly testified that he contributed $16,000 toward the purchase price and agreed to guarantee the purchase money loan, which was based on a re-finance of the parties' Stanstead home. The Cove Road property was not immediately habitable. It had been abandoned, and the primary residence had to be torn down. Pope and Markwell did improvements to the garage on the property, which had a small apartment on the second floor. Since 2015, the parties have used this apartment as a residence when staying at the property. Pope took on the work of rehabilitating the property and constructing a new residence. Along with assistance from Markwell and a few contractors, Pope constructed a new residence, which as of trial is not inhabitable, but has been framed, roofed, and sided.[1] Pope estimates that of the work done so far on the property, he is responsible for 60% of it. There was credible testimony that Pope made numerous small purchases for material and equipment to construct the house. It is also undisputed that Pope did all of the renovation work on the garage/apartment to make it habitable for himself and his family.

The parties purchased the Cove Road property for $85,000. It is presently assessed at $203,000 by the City of Newport, and there was credible testimony from Pope that when the house is complete, the value is likely to increase to $300,000. This value, however, will need a substantial amount of work to realize. Markwell and Warner's contractor, Jesse Villeneuve credibly testified that the house still needs approximately $57,000 in additional work and repairs to complete basic construction.

---

[1] There was extensive testimony regarding the condition of the house and whether Pope's work was sufficiently up to code. The Court will not, for the reasons detailed below, make findings on the exact value or worth of the new building or the quality of the construction work. It is sufficient to note that the house is not presently habitable and is unlikely to be habitable in the immediate future without substantial investment and continued work.

During their relationship, Pope and Markwell appear to have slowly grown more and more distant to the point where today there is open animosity between the parties. Markwell puts the date of this schism at September 25, 2022 when she told Pope to leave their residence in Canada following Pope's alleged physical and verbal abuse of her. Pope's testimony painted a different, longer-term estrangement. Pope stated that as early as 2020, the parties had grown distant, and that he began spending more and more time at the 81 Cove Road property. The Court finds both parties to be credible, but it finds the more credible testimony lies with Pope's version of events. The September 25, 2022 may have been the culmination of their growing rift and the formal end to Pope residing with Markwell, but it was not the beginning point of this dispute. This is evidenced by the fact that most if not all of Pope's personal possessions were moved and located to 81 Cove Road. The evidence and testimony indicates that at some point prior to 2020, Pope began spending more and more time at the Newport property, which only increased in 2020 during COVID when travel restriction limited and complicated travel across the international border, even for an exempt worker like Pope. By late 2021 to early 2022, Pope had largely moved out of the residence in Canada as his primary residence and had begun occupying the apartment at 81 Cove Road as his primary residence. Thus, in September 2022, when Markwell formally kicked him out of their home in Canada, this was more of a formal recognition of the change than change itself.

Two events further complicated the parties' relationship. Just prior to events on September 25, 2022, Pope was hospitalized in Vermont and diagnosed with advanced Chronic Obstructive Pulmonary Disease (COPD). Doctors at the time gave Pope 3 to 5 years to live. Over the next several months, Pope's ability to work decreased rapidly, and by early 2023, he was unable to work and lost all income. Since his August hospitalization, Pope has been on oxygen 24/7. Pope is dying, and he has limited assets or resources outside of the common assets to which he and Markwell have contributed. Given Pope's circumstances, he has no other home or place to go. There was some testimony that Pope has a mother in Maine, but such a situation would remove him from his doctors and medical team as well as his children.

The second event that complicated events is that Markwell transferred the 81 Cove Road property on June 13, 2022 to her mother, Louise Warner. This transfer, Markwell and Warner claim, was made for consideration in the amount of $109,750.30, which was the outstanding mortgage on the property and an amount that Markwell claims she could not manage. This transfer was done without the knowledge or consent of Pope. As part of this transfer, Markwell and Warner executed a Vermont property transfer tax return stated the transfer was without consideration. Neither Markwell, nor Warner paid any property transfer tax or capital gains tax on the transfer to the State of Vermont. Since transferring the property to Warner, Markwell has maintained control over the property and has continued to pay expenses. She has paid for all the utilities associated with 81 Cove Road as well as all property taxes. Markwell has also hired and directed contractors to perform work at the property. After several hearings in this matter, the Court is persuaded that while Warner's name is on the deed, Markwell continues to act as the owner of the 81 Cove Road property for all meaningful purposes. This is not to say that Markwell is managing the property in a manner inconsistent with Warner's wishes, but it is clear that nearly every action from the hiring and supervision of contractors to strategic decisions on litigation and how to evict Pope have been directed by Markwell and that Markwell has acted as if she continues to own the property.

*Legal Analysis*

As a preliminary matter, Pope seeks to set aside the Court's prior judgment and writ of restitution, which it issued in September 2023 following a hearing where Pope did not appear and following filings where Pope did not file an opposition. Pope has testified that despite receiving mail at 81 Cove Road, he has not received mail there consistently and has, upon occasion, found mail missing. Pope has credibly testified that he was unaware of both the July 27, 2023 hearing as well as the subsequent motions for summary judgment filed by Warner. The Court finds this testimony consistent with Pope's earlier appearances in this case wherein he filed timely responses and oppositions to Warner's complaint and motion. Further, the Court finds this situation was further complicated by Pope's illness that has limited his access to the physical courthouse and his lack of familiarity with internet-based

services.  Finally, after hearing testimony, the Court is persuaded that its prior determination was based off incorrect or partial representations and that the nature of the parties' relationship, ownership, and claims are more complicated than Plaintiff has previously portrayed them to be.  For these reasons, the Court finds sufficient basis to set aside the summary judgment order and to rescind the writ or restitution under V.R.C.P. 60(b)(6).

While Defendant Pope was never listed on the deed to the property, the most recent evidence demonstrates that he has an equitable claim to title from his contributions to the purchase of the property, his investment in the property through the purchase of improvements and sweat equity of performing improvements.  While there is some dispute about the nature and quality of his work, the evidence demonstrates that he contributed a substantial amount of work to improving the property.  Furthermore, the evidence indicates that prior to the June 2022 transfer of the property, Pope had established the garage apartment as his homestead.  Under Vermont law, a property where one or more spouses can make a homestead claim cannot be transferred without the signature of both spouses. 15 V.S.A. § 64.

Under the homestead exemption of 27 V.S.A. § 101, the party claiming it must have some ownership claim to the property, even if that claim is an equitable one, as well as actual occupancy.  *In re Avery*, 41 B.R. 224, 226 (Bankr.D.Vt. 1984).

Given the additional evidence and testimony demonstrating Pope's interest in and occupancy of the property, the Court cannot sustain his removal from the property.  Further complicating this analysis is evidence demonstrating that the transfer from Markwell to Warner was substantially flawed and has not been treated by the parties as an actual transfer as Markwell has continued to control and manage the property and has carried the costs of maintaining the property.  Under such circumstances, it would be inequitable to treat Markwell's transfer of the property to Warner as terminating whatever homestead and on-going occupancy rights that were enjoyed by Pope prior to the transfer while the parties are ignoring every other distinction of the transfer in their behavior and use of the property.

Based on this, the Court finds that the June 2022 transfer from Markwell to Warner was improper as Pope had a potential homestead claim in the garage/apartment portion of the property at the time of transfer and that his subsequent removal under the entry and detainer statutes was improper. Further, the Court finds grounds for a Pope to have a constructive trust interest in the property. *Shattuck v. Peck*, 2013 VT 1, ¶ 11.

## ORDER

Given these equities, the Court directs Warner to restore Pope to occupancy of the garage and garage apartment at 81 Cove Road in Newport, Vermont within the next seven calendar days. This Order extends only to the garage and apartment area that Pope was occupying prior to his removal from the property as well as its immediate yard and driveway/parking access. It does not, at this time, extend to the partially built house or any other portion of the property that Pope was not occupying. If possession is not restored, Pope may request a formal writ of restitution, which the Court will issue and will have served by the Orleans County Sheriff.

Given that the Court is able to resolve this preliminary issue, it will not address Defendant's claims of fraudulent conveyance or intentional infliction of emotional distress at this time. Further given this restoration of Pope's occupancy, the Court agrees with Plaintiff that the majority of the remaining issues in this case fall under the jurisdiction of the Family Division. The exception to this is the question of whether Pope's equitable and homestead interests in the property have effectively nullified the Markwell to Warner deed or simply carved out an ownership intertest for Pope while keeping the remainder of the Markwell to Warner transfer intact.

If it is the former, then this matter would fall under the jurisdiction of the Family Division where the parties have filed. If it is the latter, then the question of partition arises. As well, Pope may elect to continue his IIED claims, fraudulent conveyance claims, and financial exploitation of a vulnerable adult claims against Warner and/or Markwell in the present matter. The Court shall set this for a status conference in 30 days, unless the parties

Entry Regarding Motion
22-CV-04312 Louise Warner v. Richard Pope, Jr.

Page **6** of **7**

file a stipulation or joint request to stay these proceedings following the restoration of Pope to the garage/apartment space.

Finally, given that Pope's right to occupy comes from his equitable and homestead claims, the Court denies Plaintiff's request for rent and compensation for his occupancy of the property, but Pope is responsible for any utilities and maintenance costs associated with his occupancy of the property. Issues such as property tax, insurance, and other property-wide maintenance costs will be addressed at a later hearing.

Electronically signed on 1/30/2024 2:08 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge

Entry Regarding Motion
22-CV-04312 Louise Warner v. Richard Pope, Jr.

Page **7** of **7**